### JARIEL WILDAY *et al.*

*v.*

### ANN C. WIGHT.

1. AMENDMENT *after plea in abatement for variance between writ and declaration.* A plea in abatement for a variance between the writ and declaration is effectually disposed of by an amendment, made by leave of court, which removes the objection, and makes the writ and declaration conform to each other.

2. SAME—*the Practice Act of* 1872 *should be liberally construed.* The Practice Act of 1872 should be liberally construed, so that mere technical mistakes shall not operate to delay the administration of justice, and there is no reason why, under that act, a plaintiff may not, on his own motion, be permitted to amend the summons to conform to the declaration where there is a variance and a plea in abatement filed setting up that fact.

3. JUDGMENT *by nil dicit.* Where there was a plea in abatement for variance between the writ and declaration, and, at the same term of court, the writ was, by leave of court, on motion of the plaintiff, amended so as to conform to the declaration, and a rule on the defendant to plead ten days before the next term of the court, and at the next term a replication was, by inadvertence, filed to the plea in abatement, but, by leave of court, withdrawn before issue was joined on it, and the defendant having

failed to plead as he was ruled to do, it was proper to render judgment against him as upon *nil dicit*, notwithstanding the plea in abatement was not formally disposed of.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. KETCHAM & TAYLOR, for the appellants.

Mr. WM. THOMAS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of debt, brought by appellee, against appellants, on a promissory note.

The summons was issued in the name of Ann C. *Wright*, but the declaration was in plaintiff's proper name, Ann C. *Wight*.

At the May term, 1873, appellant Wilday filed a plea in abatement, alleging the facts above stated. The court, at the same term, on motion of appellee, granted leave to amend the summons by striking out the name of Ann C. *Wright* and inserting her true name, Ann C. *Wight*, which was accordingly done. A rule was laid upon defendants to plead ten days before the next term of the court, to which term the cause was continued.

At the next term of the court, a replication was inadvertently filed to the plea in abatement, but was withdrawn, by leave of the court, before issue was joined thereon, and, defendants having failed to plead as they were ruled to do, judgment was rendered against them as upon *nil dicit*, for the note and interest.

It is insisted, it was error to treat appellant Wilday as being in default, with his plea in abatement on file, undisposed of.

The plea in abatement, we think, was effectually disposed of by the amendment to the summons. No reason has been suggested, nor is any perceived, why the amendment was not

fully authorized by the Practice Act of 1872. It is no objection, the amendment was made upon the motion of plaintiff. It was doubtless the intention of the legislature that this statute should have a liberal construction, so that mere clerical errors or trivial mistakes should not operate to delay the administration of justice.

Aside from this construction of the statute, it is a conclusive answer to the objection that the amendment was irregularly made, to say, no exception to the action of the court allowing it has been preserved in the record.

Defendants submitted to a rule to plead in bar out of term time, and this would constitute a waiver of all mere technical objections to the form of the writ. Having failed to plead within the rule, defendants were properly treated as being in default, and there was no error in rendering judgment against them.

The judgment is right, and must be affirmed.

*Judgment affirmed.*