# LEVERETT B. SIDWAY

*v.*

# JAMES D. MARSHALL.

1. AMENDMENTS AND JEOFAILS—*mistake in plaintiff's christian name.* Under the sixth section of the Statute of Amendments, the fact that the plaintiff's christian name in the summons is wrong, when it is stated correctly in the declaration, will not authorize the reversal of a judgment by default. It is sufficient if the name is once rightly alleged in any of the proceedings.

2. The court, under the Practice Act, is authorized to allow an amendment in the pleadings, or any of the proceedings, by inserting the plaintiff's true christian name wherever omitted or stated incorrectly, without notice to the defendant.

3. SAME—*right to impose terms or require notice.* Where an amendment is allowed that is calculated to take either party by surprise, or that will affect the right or justice of the matter of the suit, or alter in any material respect the issues, the court may impose terms requiring notice to the party to be affected by it.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HOWE & RUSSELL, for the plaintiff in error.

Messrs. WALTER & BURNHAM, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Leave was given by the court to amend the pleadings by making the name of plaintiff James D. Marshall, but if that privilege was availed of, there is nothing in the record that indicates it. The summons was in the name of John, and the declaration, filed the same day the summons was issued, was in the name of James Marshall, plaintiff's true name. Service was in time, but there being no appearance, judgment was rendered against defendant by default.

It is provided, in the sixth section of the chapter of the Revised Statutes entitled "Amendments and Jeofails," no judgment shall be reversed, impaired or in any manner affected by reason of any of the omissions, defects or things

in the process, pleadings, proceedings or records in that section named, and among others, as in the tenth division, on account of any mistake in the name of a party or person where the name shall have been " once rightly alleged in any of the pleadings or proceedings," nor, as in the fourth division, for any variance between the original writ and the declaration or other pleading. These saving clauses of the statute cover the alleged defect in the pleadings in this case. Although plaintiff's name was stated erroneously in the summons, it was rightly alleged in the declaration, and that is sufficient to sustain the judgment. But if the amendment was actually made, and plaintiff's true christian name inserted wherever omitted in the pleadings or proceedings, it was authorized by the Practice Act, as was decided by this court in the *Teutonia Insurance Co.* v. *Mueller*, 77 Ill. 22.

Defendant maintains the amendment was material, and that he was entitled to. notice before default should be entered against him. Two answers may be given to the position assumed: First, the amendment in this case was not material, for the reason plaintiff's name was "rightly alleged" in the declaration, and that was sufficient, according to the positive provisions of the statute, to sustain the judgment. And, second, the statute has not provided any notice shall be given to the opposite party of such motions and amendments. All amendments of this character, not being against the right and justice of the matter of the suit, and not altering the issues between the parties, shall be made by the court in which judgment was given, and it is nowhere intimated any notice to the opposite party is necessary to enable the court to exercise this equitable power. Should notice to the adverse party be required in every instance where the court allows such formal amendments, it would amount to a deprivation of all benefit intended to be secured by the statute. By absenting himself from the court, defendant could render it impracticable for the court, under such a rule, to make any amendments whatever, notwithstanding such amendments might not affect, in the slightest degree, the right and justice of the matter in

suit, or alter the issues between the parties. Nor is there any hardship in this rule, for such amendments are to be allowed "for the furtherance of justice on such terms as shall be just." When any amendment is allowed that is at all calculated to take either party by surprise, or that would affect the right or justice of the matter of the suit, or alter, in any material respect, the issues between the parties, the court may impose terms that it shall be permitted only upon notice to the party to be affected by it. Any other rule would render the practice so difficult that it would amount to a practical abrogation of the liberal provisions of the statute in regard to amendments, and work a total deprivation, in many instances, of its benefits.

. In either view suggested there is no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*