Wright v. Bell.

GEORGE R. WRIGHT, Ex'r,

v.

JOE BELL ET AL.

INSTRUCTIONS—SELECTING PARTICULAR PORTIONS OF THE TESTIMONY.—An instruction which singles out the testimony of a particular witness for careful examination by the jury, or that selects for their special consideration the witnesses and testimony of one party, leaving out of view all that tends to sustain the opposite party, is erroneous.

Wright v. Bell.

Appeal from the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding. Opinion filed January 3, 1880.

Messrs. Kay & Euans, for appellant; as to the insufficiency of testimony to contract for extension of time, cited Woolford v. Dow, 34 Ill. 424.

When separate demands are due, a valid extension of one does not release the surety as to the other: Dutcher v. Rapp, 3 L. & E. Rep'r, 539; Corroyden Gas Co. v. Dickenson, 4 L. & E. Rep'r, 699.

Where the evidence is nearly evenly balanced, each instruction should be correct: Shaw v. The People, 81 Ill. 150; Volk v. Roche, 70 Ill. 297; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347.

Instructions should not give prominence to isolated portions of the testimony: Hatch v. Marsh, 71 Ill. 370; Calef v. Thomas, 81 Ill. 478; Frame v. Badger, 79 Ill. 441; Hewitt v. Johnson, 72 Ill. 513; Holmes v. Hale, 71 Ill. 552; Rafferty v. The People, 72 Ill. 37; Evans v. George, 80 Ill. 51.

Mr. Robert Doyle, for appellee; in support of the decision below, cited Calef v. Thomas, 81 Ill. 478; Leonard v. Villers, 23 Ill, 380; Thompson v. Hoagland, 65 Ill. 310; Barker v. International Bank, 80 Ill. 96.

Pleasants, J. This was an action of assumpsit brought by Asa Gaffield, appellant's testator, upon a promissory note dated Dec. 7, 1874, for $1,000, payable in one year, with interest at ten per cent, signed by all the appellees.

Joe Bell made default, but the other defendants set up suretyship and a valid agreement between plaintiff and him for an extension of the time of payment without their consent, and this was the issue; upon the trial of which they obtained a verdict and judgment thereon for their costs.

It was fully proved that they signed the note as sureties merely, and they claimed that about a month after its maturity Joe Bell paid plaintiff the interest, together with interest there-

on for the time its payment had been delayed, amounting to eighty-five cents, and that in consideration thereof plaintiff agreed to extend it for another year.

Bell, the principal, swore positively to the agreement upon the consideration mentioned, and to his payment of the interest and the additional eighty-five cents in pursuance of it, while the plaintiff as positively denied both. E. J. Crandall, a partner of the former, corroborated him as to the agreement, but said he was called away and did not see any payment made. Other witnesses testified to admissions by plaintiff of his agreement to extend, without any particulars of it, and Judge Blades to a statement made by Bell to the attorneys who had the note for collection, to the effect that plaintiff's promise to extend was upon condition that he would pay the interest when due, and that although it was not so paid, plaintiff credited it as if it had been. There was an endorsement on it in Bell's handwriting of one hundred dollars paid as of Dec. 7, 1875.

With other instructions on both sides, which were full and fair, the court gave the following:

" On the part of the defendants you are instructed, that you should carefully examine the evidence given by the plaintiff in this case, and if he states no money was paid, except the one hundred dollars, and that the eighty-five cents was not paid, and that Bell swears it was paid, then you are to consider the statements of the witness Crandall as to the figuring of the interest for one month, if you believe he did so state; and you are also to take into consideration all of the evidence of the other witnesses as to any admissions of plaintiff of the time being extended one year, if you believe there was such evidence, and if from all of the evidence in the case you believe that there was eighty-five cents paid for the extension one year, that the time was extended, and such extension was without the consent of the securities thereon, you will find for the defendants Bell and Vennum, if they were securities."

As has been seen, upon the vital question of the payment of the eighty-five cents, the defendant, Joe Bell, and the plaintiff, who were the only witnesses that pretended to positive knowl-

edge in respect to it, stood directly opposed; and if the former was corroborated circumstantially by the testimony of Crandall, it might be fairly argued that he was to some extent discredited, and the plaintiff corroborated, by that of Blades.

In this close condition of the case, with the burden of proof upon the defendants, the instruction above quoted was faulty in two particulars; first in singling out the testimony of plaintiff for careful examination by the jury, as if in the judgment of the court it was more to be suspected than that of Bell; and second, in further singling out for their special consideration the witnesses and testimony relied on to support the latter, and leaving out of view all that tended to sustain the former. Hatch v. Marsh, 71 Ill. 374; Holmes v. Hale, Ibid. 555; Hewett v. Johnson, 72 Id. 515; Evans v. George, 80 Id. 54; Calef v. Thomas, 81 Id. 478.

For the error in giving this instruction the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.

Pillsbury, J., took no part in this decision.