## Brown v. Monson.

1. INSTRUCTIONS—*Conflict of Testimony.*—In cases where the testimony is conflicting the instructions must be accurate.

2. INSTRUCTIONS—*Singling out Testimony.*—An instruction which singles out the testimony of one party and calls the attention of the jury to it, as if in the judgment of the court it was to that testimony, instead of to all the evidence in the cause, the jury should look to determine what a contract is, is erroneous.

**Memorandum.**—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

BEAM & COOKE, attorneys for plaintiff in error.

CONSIDER H. WILLETT, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit by the defendant in error to recover his commissions as a real estate agent in and about the sale of certain real estate in Cook county. Between his testimony and that of the plaintiff in error upon the main question of his employment and services in behalf of the sale that was made by her, there was such a conflict as demanded a careful scrutiny by the court of the instructions given to the jury, so as to avoid everything that might seem to favor the testimony of one party over that of the other.

The two parties, plaintiff and defendant, were the only witnesses who testified to the main question.

Among other instructions given to the jury by the court, on its own motion, was the following :

" In this case it is admitted that defendant has sold her property to F. C. Vehmeyer for the sum of $18,000, and that such purchaser was introduced to the defendant by plaintiff.

If, then, you believe from a preponderance of all the evidence, that the defendant, prior to such sale, employed the plaintiff as a real estate agent or broker to sell said property, and agreed to pay him for his services in this respect $2\frac{1}{2}$ per cent upon the purchase price, substantially as testified by the plaintiff, and if you further believe from the evidence that the plaintiff, in pursuance of such employment, procured and introduced such purchaser to the defendant, the owner of said property, and that such purchaser actually bought and paid for said property, then the plaintiff would

be and is entitled to a verdict at your hands for such 2½ per cent commission on said sum of $18,000.

In case you believe, from a fair and impartial consideration of all the evidence, that the plaintiff has failed to establish the fact of, and the terms of his employment by the defendant by such a preponderance of the evidence, then your verdict should be for the defendant."

The vice of that instruction consists in singling out and calling to the jury's attention the testimony of the plaintiff, as if in the judgment of the court it was to that testimony, instead of to all the evidence in the cause, the jury should look to determine what the contract was.

As said in Railway Co. v. Walsh, 106 Ill. 253, " It singles out and calls attention to the testimony of appellee, in finding their verdict. Such a practice has long been condemned, in numerous cases in this court, as unfair, and calculated to magnify the importance of the evidence of the particular witness.   *   *   *   We must in this case, as we have in many previous cases, hold the instruction erroneous, and, in the conflict of the evidence, ground for a reversal."   See also, Wright v. Bell, 5 Ill. App. 352.

The question of any employment by the plaintiff in error of the defendant in error as her agent to effect a sale of the premises, was a close one upon the evidence, and required the utmost fairness in its submission to the jury.   Furthermore, it is a serious question, upon the record, as to whether, if the defendant in error were entitled to recover at all, he could recover more than his commissions upon the sale for $15,000, negotiated by him, instead of upon the sale for $18,000, effected by the plaintiff in error of the same property to the same party, and it was error to confine the jury to a consideration of the latter sum, alone, as a basis for the ascertainment of the amount of commissions, as was done by the instruction.

For the error in the instruction the judgment of the Circuit Court will be reversed and the cause remanded.