## West Chicago Street Ry. Co. v. Martin Dougherty.

1. PRACTICE—*Pertinent Suggestions.*—In cases against corporations for personal injuries, prudence on the part of counsel for plaintiff is quite as important as skill. Verdicts sure to come are often lost by too much zeal. The plaintiff has more reason to fear what the court may do for him at the request of his counsel, than he has need of the aid of the court.

2. INSTRUCTIONS—*Calling Attention to a Witness by Name.*—An instruction which calls attention to a witness by name is subject to criticism.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

McCRACKEN & CROSS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for personal injury sustained by him by a collision between a wagon in which he was riding and a grip car at a street crossing.

On the questions of fact—negligence and the amount of damages—the evidence was such as to make the verdict of the jury conclusive.

One O'Brien was driving the horse drawing the wagon, and with reference to O'Brien's driving at the crossing, the appellant asked the appellee on cross-examination as a witness, " You approved of what he did ? " to which question the court sustained an objection, and the appellant excepted. No offer or attempt was made to show that appellee in any manner interfered in the driving, and of what significance can it be what he thought about it ?

The question to the gripman whether he could have done anything more than he did to stop the car called for no fact, and was rightly rejected. Only the opinion of the witness

appeared by the answer he did give, and which is not fairly shown to have been struck out, and the striking out excepted to.

. At the instance of the appellee the court instructed the jury :

" The court instructs the jury that the testimony of James O'Brien which was taken in the shape of his deposition and has been read to you, is to be considered by you with all the other evidence in the case, and you are to give it such weight as you may think it entitled to in connection with all the circumstances appearing in the case from the evidence and in connection with all the other evidence in the case."

In this class of cases prudence on the part of counsel for plaintiff is quite as important as skill. Verdicts sure to come, are often lost by too much zeal. The plaintiff has more reason to fear what the court may do for him at the request of his counsel, than he has need of the aid of the court.

This instruction is subject to criticism only in that it calls attention to a witness by name. Brown v. Monson, 51 Ill. App. 488; Penna. Co. v. Versten, 140 Ill. 637.

But as is said in Phenix Ins. Co. v. La Pointe, 118 Ill. 384, "it often happens that the giving of an instruction would not constitute reversible error, where the refusal of such instruction would not be improper." This instruction, unlike the one in Brown v. Monson, does not refer the jury to the version by the witness of the transaction under investigation and it is hardly possible to believe that it affected the result.

What has been said and cited justifies the refusal of an instruction asked by the appellant as follows :

" The law of this State allows a party to a suit to testify in his own behalf as a witness, but it provides that the interest of such party in the result of the suit may be shown for the purpose of affecting his credibility; and in this case in passing upon the weight to be given to the testimony of the plaintiff the jury may consider his interest in the result of the suit."

The judgment is affirmed.