## Great Northern Hotel Co. v. Farrand & Votey Organ Co.

1.  WRITS—*Office and Purpose of a Summons.*—The office and purpose of a summons is to advise the defendant of the fact that a suit has been commenced against him, the name of the plaintiff and the time and place where he must appear and plead or demur.

420    Appellate Courts of Illinois.

Vol. 90.] Great Northern Hotel Co. v. Farrand & Votey Organ Co.

2. Service of Process—*Attempts to Serve Writs.*—Where an attempt has been made by a proper officer to serve a writ and the office and purpose of the process has been attained, and it appears from his return that it is impossible for any one to misunderstand the matter, it is sufficient.

3. Abbreviations—*Bad Spelling Does Not Vitiate a Return.*—Where in a sheriff's return of service of a summons upon a corporation the word "Co." was by inadvertence written "Cy." *it· was held* to be a mere case of bad spelling and not to vitiate the return.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

J. S. Huey, attorney for appellant.

Defrees, Brace & Ritter, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

The original summons in this case was against "Great Northern Hotel Co., a corporation." The sheriff's return indorsed thereon is as follows:

"Served this writ on the within named Great Northern Hotel Co., a corporation, by delivering a copy thereof to W. S. Eden, president of said corporation, this 10th day of February, 1899."

A declaration was filed by appellee declaring upon certain promissory notes made by appellant and payable to the order of appellee.

Appellant by its attorney, filed a special appearance stating therein that it was "for the purpose of pleading to the jurisdiction of the court, for want of a valid service of summons on said defendant (appellant) and for no other purpose." The same day appellant filed what is called by counsel, a plea in abatement; wherein it is averred that "the only service of process upon this defendant in this cause was by the delivery to this defendant" of what is an exact copy of said original summons except that it reads "Great Northern Hotel Cy., a corporation," "Cy." being written therein instead of "Co."

To that plea a demurrer was filed by appellee which was sustained by the court. Appellant elected to abide by its said plea, and thereupon default and judgment were entered.

The only question presented for the consideration of this court by appellant as stated by its counsel, is whether there was a good and sufficient service of summons upon appellant. The return by the sheriff shows a good service of said summons by delivering a copy thereof to W. S. Eden, its president. The plea does not in express terms deny that a correct copy was delivered to said Eden, president, but says the only service was " by the delivery to this defendant " of the copy wherein " Cy." was written instead of " Co." But assume that this was a sufficient challenge of the sheriff's return. The fact is the proper person, the president, was served by the sheriff.

There is no pretense that appellant was misled or that it did not understand and interpret the copy served against its president exactly as it would have done if said copy had been " Co." instead of " Cy." It entered its special appearance in the right court, in the proper case, and in apt time to prevent default for want of appearance. The only assignment of error is :

" That the court erred in sustaining the plaintiff's demurrer to the defendant's special plea."

The office and purpose of a summons is to advise the defendant of the fact that a suit has been commenced, of the names of the parties, and the time and place when and where he must appear and " plead, answer or demur." The statute provides that in a suit against a corporation, it " may be served with process by leaving a copy thereof with its president." That statute does not require a *fac simile* of the process to be thus delivered. The question is, has the office and purpose of the process been attained ? It is impossible that any one could have misunderstood the copy of summons under consideration, by reason of the abbreviation " Co." being written " Cy." when it appeared between the words " Great Northern Hotel," and the words " a corpora-

tion." It would be to challenge the intelligence and common sense of the reader thereof to assert that it could. Mere misspelling never, in law, vitiates any document. The service of the summons in this case was in substantial compliance with the provision of the statute, and was good and sufficient.

Appellee has moved that statutory damages be allowed. This court is of opinion that the appeal in this case " was prosecuted for delay," and that the motion for statutory damages should be sustained. Baker v. Prebis, 185 Ill. 191; Town v. Alexander, 185 Ill. 254.

The judgment of the Circuit Court will be affirmed, and judgment entered against appellant in favor of appellee for an amount equal to three (3) per centum of the amount of the judgment entered in the trial court. Affirmed with statutory damages.