## Frank S. Williams, Appellant, v. Michael C. Connors, Appellee.

### Gen. No. 5,109.

1. JUDGMENT—*form of, when rendered upon pleadings.* A final
judgment for a defendant on the pleadings should be that defend-
ant go hence without day.

2. SERVICE OF PROCESS—*when defect in copy of summons does
not affect.* Service by copy of summons confers jurisdiction where
the copy delivered to the defendant omitted from its face, but
showed upon the back the name of the plaintiff in the action.

Assumpsit. Appeal from the Circuit Court of Peoria county; the

Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

PRETTYMAN, VELDE & PRETTYMAN, for appellant.

QUINN, QUINN & OTMAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The sole question in this case is whether the court acquired jurisdiction of the person of the defendant in this action of *assumpsit* by a sufficient service of summons under the last sentence of section 2 of the Practice Act of 1907, which reads: "Service of summons, except when otherwise expressly provided by statute, shall be made by leaving a copy thereof with the defendant in person." Omitting all reference to certain proceedings which were vacated at the same term, the record before us contains the following: a summons against Michael C. Connors, returnable on the second Monday of November after the date thereof to answer unto Frank S. Williams in an action of *assumpsit* wherein the damages were laid at $3,000; a return upon said summons by the sheriff showing service on defendant Michael C. Connors "by reading the same and delivering a true and correct copy thereof" on September 20, 1907; a declaration in *assumpsit;* a plea by defendant to the jurisdiction of the court, averring that defendant was not served with process in that no copy of the summons in said action was ever delivered to him; a motion by plaintiff for leave to amend the copy of the summons left with the defendant and a denial of said motion; a bill of exceptions taken upon the denial of said motion; a replication to the plea of the jurisdiction; a demurrer to said replication; an order sustaining the demurrer; an election by plaintiff to abide by his replication; a dismissal of the suit by the court at plaintiff's costs; and the proper steps for taking and perfecting an appeal. The judgment was erroneous

in dismissing the case. A final judgment for a defendant on the pleadings should be that defendant go hence without day. Wilkinson v. Olin, 136 Ill. App. 527.

The plea to the jurisdiction was defective in that it set out what an attorney had told defendant and an allegation on information derived from his attorney, but we treat those matters as surplusage. The copy delivered to the defendant by the sheriff was attached to and made a part of the plea. The name of the plaintiff is not contained upon the face of the copy of the summons, but on the back thereof is the indorsement, "M. C. Connors ats. Frank Williams." The replication to the plea stated what the cause of action was upon which the suit was brought; the due issuance of a summons, which summons was set out in full; that said summons was duly served more than ten days prior to the first day of the return term, and it set out a copy of the return upon said summons; and it alleged that the copy of the summons delivered to defendant was a true copy of the original except that the words "Frank S. Williams" were omitted, but that on said copy when the same was delivered to defendant there was plainly and legibly endorsed in ink the following: "M. C. Connors ats. Frank Williams." The replication further averred that from the reading of said original summons to defendant and from the delivery of said copy to him, defendant then and there gained full knowledge of the contents and meaning of the summons, and that a few minutes after said copy was delivered to him defendant stated to certain persons that Frank Williams had commenced this suit against him to recover back his money for a dredge that defendant had sold him. That part of the replication which alleged a conversation between defendant and others, and that which alleged that he had full knowledge of the contents of the summons, we consider immaterial, and it may be disregarded.

No case exactly in point is found, but there are cases involving similar principles. In Harris v. Jenks, 2

Scam. 475, the judge dismissed the suit because the words "The State of Illinois" were omitted from the caption of the summons. In the Circuit Court on appeal plaintiff was given leave to amend the summons by inserting those words. The Supreme Court, in affirming a judgment for plaintiff, said that the words "the State of Illinois" may have appeared on some other part of the summons and that it was not important on what part of the summons those words appeared. In Wilday v. Wight, 71 Ill. 374, the summons gave the last name of plaintiff as "Wright." Defendant filed a plea in abatement because of that defect. Plaintiff then amended the summons by leave of court and, without any action on the plea, defendant was ruled to plead and was defaulted and judgment was entered for plaintiff. This judgment was affirmed, the court saying: "Mere clerical errors or trivial mistakes should not operate to delay the administration of justice." In Sidway v. Marshall, 83 Ill. 438, plaintiff's given name was incorrectly stated in the summons, but was correctly stated in the declaration, and that was held sufficient to sustain the judgment. In Kagay v. Trustees, 68 Ill. 75, an action of debt, the summons did not state the amount claimed as debt, and defendants moved to quash the writ for that defect. The court allowed the writ to be amended and retained jurisdiction; and this was approved. In Bank of Louisiana v. Elam, 10 Rob. (La.) 26, the statutes required that the citation should contain the title of the suit and in that case the title was on the citation and not in it. It was held sufficient that the title appeared upon the citation in such a manner as to preclude any mistake. In Great Northern Hotel v. Farrand & V. Organ Co., 90 Ill. App. 419, defendant filed a plea to the jurisdiction of the court because of a slight error in the copy delivered to the officer of the defendant corporation. The court said that there was no pretense that the defendant was misled or did not understand or interpret the copy delivered the same as if the copy had

been exact; that defendant entered its special appearance in the right court and in the proper case and in apt time. "The office and purpose of a summons is to advise the defendant of the fact that a suit had been commenced, of the names of the parties, and the time and place when and where he must appear." The court said that the statute which required service upon a corporation by leaving a copy with its president did not require a *fac simile* of the summons to be delivered, and that in that case the purpose of the provisions had been attained and that there had been a substantial compliance with the statute.

The principle of these decisions is applicable to this case. Here the copy was exact in every particular except that the name of the plaintiff was omitted from the face but was given on the back of the copy. Defendant in apt time came into the proper court and cause and filed his plea. He was not misled in the slightest respect. When the copy delivered to him was all read it conveyed to him all the information which the law required. The plaintiff does not prepare the copy and may not see it. We think it too technical a rule to hold that the slightest mistake in the copy delivered shall operate to leave the court without jurisdiction of the person of the defendant to whom a copy of the summons has been delivered which is exact in every particular except one, where that defect is completely supplied by that which appears upon the back of the copy. It follows that we are of opinion that the court erred in sustaining the demurrer to the replication. The copy of the summons attached to and made a part of the plea had the same endorsement on the back thereof and it is perhaps a question whether the demurrer should not be carried back and sustained to the plea; but as the plea does not expressly aver that those words on the back of the copy were written in ink in a legible hand when the copy was delivered to defendant, we conclude that it was proper for plaintiff to reply and set up that fact in order to make the sufficiency of the

service plainly appear. As we are of opinion that the service was sufficient it is unnecessary to decide whether plaintiff should or could have been given leave to amend the copy.

The judgment is reversed and the cause remanded with directions to overrule the demurrer to the replication.

*Reversed and remanded.*