Frank Dale, A. G. C. Bierer and Benjamin F. Hegler,
  Trading as Dale, Bierer & Hegler, Appellees, v. J.
  S. Keefe, Appellant.

### Gen. No. 17,912.

1. PROCESS—*variance—where partnership name is used without individual names.* Where plaintiffs are described in the statement of claim by their full names, doing business as a certain named partnership, and in the summons by the partnership name only, there is not a material variance.

2. PROCESS—*when variance ground for reversal.* The fact that plaintiff's Christian name in the summons is wrong, when it is once rightly alleged in any of the pleadings, does not authorize the reversal of a judgment by default.

3. DEFAULT—*where defendant is properly defaulted.* Where plaintiffs are described in the statement of claim by their individual names, doing business under a certain partnership name, and in the summons only the partnership name is used, and after a motion to quash the summons is denied defendant refuses to appear *instanter* as ordered, it is not error to enter judgment by default.

Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

ERNEST O. BEST, for appellant.

GEORGE D. WELLINGTON and DILLARD B. BAKER, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 24, 1911, in the Municipal Court of Chicago, an action of the first class was commenced by praecipe by "Frank Dale, A. G. C. Bierer and Benj. F. Hegler, doing business as Dale, Bierer & Hegler, plaintiffs, against J. S. Keefe, defendant." On the same day plaintiffs filed, in lieu of a declaration, a statement of claim setting forth that their claim was

for money due on two promissory notes, executed by defendant on September 4, 1909, for $2,500 each, due respectively on January 1, 1910, and March 1, 1910, with interest at 8% per annum after maturity. It appeared from copies of the two notes, set out in said statement, that each was signed by "J. S. Keefe" and each was payable to "Dale & Bierer, or order," and that each was endorsed as follows:

"Pay within to the order of Dale, Bierer & Hegler, a partnership composed of Frank Dale, A. G. C. Bierer, Benj. F. Hegler.

DALE & BIERER."

Accompanying this statement was an affidavit of claim, stating that plaintiffs' demand was for principal and interest on said two notes and that there was due plaintiffs from defendant, after allowing all just credits, deductions and set-offs, the sum of $5,483.31. In this statement plaintiffs were described, the same as in the praecipe, as "Frank Dale, A. G. C. Bierer and Benj. F. Hegler, doing business as Dale, Bierer & Hegler." A writ of summons was issued, directed to the bailiff, commanding him to summon the defendant to appear on May 8, 1911, to answer unto "Dale, Bierer & Hegler a partnership." The plaintiffs were not designated in the summons by their Christian names. It appears from the return on the summons that the bailiff served the defendant with a copy of the writ and informed him of the contents thereof on May 1, 1911. On the return day the defendant filed his special appearance "for the sole and only purpose of this motion, and, without submitting himself to the jurisdiction of this court, moves the court to quash the above return of the writ and to quash the above writ of summons and to dismiss the suit for the reason that said writ  *  *  *  does not conform to the statement and affidavit of claim, in that the parties plaintiff in said writ and in said affidavit and statement of claim are different, and not the same parties." It appears from the transcript of the record that on May 19,

1911, the parties came and the defendant moved that the service of the summons on him be quashed, which motion was overruled by the court; that on plaintiffs' motion the defendant was ruled to appear instanter; that thereupon he was called in open court and came not, nor did any one for him, but made default; that thereupon the court, it appearing that the defendant had been duly notified by being personally served with process and of the time he was required to appear and that he was still in default of an appearance, ordered that judgment be entered against him by default for want of an appearance; that thereupon the court found that plaintiffs had filed an affidavit showing the nature of plaintiffs' demand and the amount due from the defendant, and further found that there was due to plaintiffs the sum of money shown in said affidavit to be due, and assessed plaintiffs' damages at the sum of $5,483.31; that thereupon the defendant moved the court for a new trial, which motion, after the arguments of counsel, was overruled and judgment was entered against the defendant on the finding. The defendant thereupon prayed and perfected an appeal to this court.

It is to be noticed that the record shows that on said May 19th the "parties' came," and that after the defendant was ruled to appear instanter and was defaulted for failure so to do and the court made its finding in favor of plaintiffs, the defendant *moved for a new trial.* This suggests that either the defendant, or his attorney, or both, were actually in court when the defendant was called upon to enter an appearance, and that the defendant *refused* so to do, evidently preferring to rely upon the technical point of the alleged variance between the writ of summons and the praecipe and statement of claim in the description of the parties plaintiff, rather than offer any defense on the merits. The inference is strong that he had no defense on the merits.

Counsel for defendant here urges that the judgment should be reversed because the variance is a *material* one. We do not think so. The defendant was not misled thereby. Williams v. Connors, 149 Ill. App. 29, 32; Wilday v. Wight, 71 Ill. 374; Great Northern Hotel Co. v. Farrand & V. Organ Co., 90 Ill. App. 419; Vanmeter v. McHard, 31 Ill. 257; Rivard v. Gardner, 39 Ill. 125. Counsel argues that the reason for the rule requiring correctness in the names of the parties is that otherwise there would be great difficulty in establishing a plea of former recovery, and that, under the authority of Schmidt v. Thomas, 33 Ill. App. 109, where the defendant does not appear, though there be personal service, if the name of the party in the process be such that the law does not recognize it as the name of an individual or corporation, a judgment by default is erroneous. In that case it was claimed that there was a faulty description of one of the defendants in the summons and the judgment. The summons named "Mathias Schmidt and Mrs. Schmidt" as defendants and a judgment by default was rendered against them as named in the summons, while the declaration named them as "Mathias Schmidt and Mrs. Harriet Schmidt." In this case the defendant was properly named in praecipe, summons and statement of claim and he was served, and judgment rendered against him, and we are not inclined to apply the ruling in the Schmidt case, *supra,* to this case. We are, on the contrary, inclined to follow the rule, as announced in the case of Sidway v. Marshall, 83 Ill. 438, where it was decided that, by virtue of section 6 of chapter 7 of our statutes (amendments and jeofails), the fact that the plaintiff's Christian name in the summons is wrong, when it is "once rightly alleged in any of the pleadings," will not authorize the reversal of a judgment by default. Furthermore, the reason for the rule requiring correctness in the names of the parties in the process, as above stated by counsel,

is absent in this case. If a subsequent suit were brought against the defendant, we think he would have no difficulty in establishing from the record in this suit a plea of former recovery because it appears from the statement of claim that "Dale, Bierer and Hegler, a partnership," as named in the summons, is "a partnership composed of Frank Dale, A. G. C. Bierer, Benj. F. Hegler," who were named in the praecipe and the statement of claim as plaintiffs.

The judgment is affirmed.

*Affirmed.*