### WILL M. NIX v. LAURA GILMER.

1. SUMMONS—*Not Fatally Defective.* A summons is not fatally defective by reason of being entitled in the probate court of P county and directed to the sheriff of P county when the name of said county had recently been changed to that of Noble county, said summons being regular in all other respects.

2. EVIDENCE—*Civil Action—Husband and Wife.* Under sub-division 3 of § 335, of the civil code, which is not repealed by § 20, ch. 41, Session Laws

1895, husband and wife are not competent witnesses for each other in civil actions.

3. PLEADING—*General Denial—Sufficiency of.* An answer, which denies each and every material allegation of the petition of plaintiff, is sufficient, as a general denial.

4. PROCEDURE—*Probate Court.* The practice and procedure of probate courts, both before and after judgment, when exercising concurrent jurisdiction with district courts in civil actions wherein the amount involved exceeds the jurisdiction of justices of the peace, need not be the same as that governing said district courts. The reasoning in the case of *Brickner v. Sporleder,* 3 Okla. 561, holding that an appeal lies from the probate to the district courts, upon questions of fact, in such cases, is approved. (Keaton, J., dissenting).

*Error from the Probate Court of Noble County.*

STATEMENT OF THE CASE.

This is an action of replevin commenced in the probate court of Noble county on the 11th day of December, 1894, by Laura Gilmer against Will M. Nix, to recover the possession of a dwelling house alleged to be of the value of $180, and the sum of $100 as damages for the unlawful detention of said house. On the same day an affidavit in replevin and a replevin bond were executed and filed on behalf of the plaintiff, as provided by law, and an order of delivery was issued by said court to the sheriff of said county. On the 19th day of December, 1894, the defendant appeared specifically to said action and filed motions to quash the summons and to set aside the return of the sheriff to said summons. On April 12, 1895, the motion to quash summons was presented and overruled by the court, and the motion to set aside the sheriff's return thereto was sustained, whereupon plaintiff asked leave for the sheriff to amend his said return, which was granted.

On April 15, 1895, the defendant filed in said court a motion to quash and set aside the affidavit in replevin

theretofore filed on behalf of plaintiff, and on the 18th day of April, 1895, this motion came on to be heard and was overruled by the court. On the same day defendant filed in said cause his answer, consisting of a general denial.

On April 27, 1895, the cause came on for trial and the defendant demanded a jury, whereupon the court prepared a list of eighteen names of qualified jurors and submitted same to plaintiff and defendant in order that each party might strike therefrom the names of six persons, and demanded of the defendant that he make a deposit of $3 as a jury fee. The defendant refused to make such deposit or to strike any names from such jury list, but demanded that a jury be drawn as provided in procedure civil applicable to district courts, which demand was by the court denied. At this juncture of the proceedings, and on the same day, the plaintiff asked and was granted leave to file a general demurrer to defendant's answer, which was done, and thereupon said demurrer was argued in the court and sustained, after which, and on the same day, the plaintiff produced the testimony of herself and her husband, and at the conclusion of the direct examination of each witness defendant's counsel offered to cross-examine said witness and requested that he be permitted to do so, but was denied this privilege by the conrt. The defendant excepted to all adverse rulings of the court, and brings this case here by petition in error. The other material facts sufficiently appear in the decision.

*J. W. Quick* and *Harris & Lafferty*, for plaintiff in error.

*A. H. Boles* and *Henry Rucker*, for defendant in error.

The opinion of the court was delivered by

KEATON, J.: The first error assigned, and relied upon for a reversal of this case, is the overruling, by the probate court, of defendant's motion to quash the summons which is in the following language:

"In the Probate Court of 'P' county, Oklahoma Territory.

"Territory of Oklahoma, }
        'P' County.      } ss.

"The Territory of Oklahoma to the Sheriff of 'P' County it said Territory, Greeting:

"You are hereby commanded to notify Will M. Nix that he has been sued by Laura Gilmer in the probate court sitting in and for said county of 'P.', and that unless he answer by the 4th day of January, A. D. 1895, the petition of the said Laura Gilmer against him filed in the judge's office of said court, such petition will be taken as true and judgment rendered accordingly.

"You will make due return of this summons on the 15th day of December, A. D. 1894.

"Witness my hand and seal of said court, affixed at my office in Perry, O. T., this 11th day of December, A. D. 1894.                         A. R. MUSELLER,

    "[SEAL].                         Probate Judge."

The grounds of the motion to quash same are that said summons is entitled in the probate court of P county, and is directed to the sheriff of P county when, in fact, the name of said county had been changed from that of P, to Noble county, at the election held on the 6th day of the preceeding month. The only case cited by counsel for plaintiff in error which has any bearing upon the question raised by their said motion is that of *Brewster v. Norfleet*, 22 S. W. 226, decided by the Texas court of civil appeals, where it is held that a citation issued from the county court, but impressed with the seal of the district court of the county, is invalid,

because not authenticated, and a defendant served with such writ can, at his option, obey same or appear and have it quashed. The supreme court of Kansas held, in the case of *Pelham v. Edwards*, that, "An order for a provisional remedy, or any other process in an action where the sheriff is a party, should be directed to the coroner. (Section 701, civil code). Where a summons is directed to the sheriff of a county, it is irregular for the coroner of the county to receive and serve it." (26 Pac. 41). Section 727 of our code of civil procedure is identical with § 701 of the Kansas civil code.

It will be readily seen, however, that neither of the cases above cited is strictly applicable to the proposition under consideration. After a diligent search, we have failed to find a decision upon a question similar to the one here presented, hence we must rely largely upon our own resources for the reasons to support the conclusion at which we arrive.

Section 59 of our civil code provides that, "the summons shall be issued by the clerk, upon a written præcipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant, or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly."

Section 728 of said code is as follows: "The style of all process shall be.: The Territory of Oklahoma. It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

A careful comparison of the summons in this case with the sections of our code just quoted shows that it meets every requirement thereof except one, viz: "It shall be directed to the sheriff of the county," said summons being directed to the sheriff of P county, which was not then the name of the county, the same having been recently changed to that of Noble county. But, as this mistake in the summons was not such as was liable to deceive or mislead the defendant and did not, in fact, do so, and, as the summons was delivered to, and served by, the sheriff of Noble county, we do not think the defendant's rights were prejudiced by the action of the trial court in overruling his motion to quash. Had there been some other county in the territory by the name of P, there would be more force in defendant's objection. We see no valid reason why a summons that is properly authenticated by the seal of the court from which it issued and is not so defective as to be misleading, should be quashed because irregular, thus necessitating both additional expense and delay, without bringing any substantial benefit to the moving party. We therefore conclude that the first assignment of error is not well taken.

II. Another error assigned and urged is the ruling of the trial court in permitting Tucker Gilmer, the husband of plaintiff, to testify in her behalf, claiming that he is incompetent to so testify under subdivision 3 of § 335 of the civil code. It is claimed that this portion of said section was repealed by § 29, ch. 41, Session Laws, 1895, and that the husband, or wife, of a party to a civil action, is a competent witness for such party. Said section is in part as follows: .

" *Provided, however*, That neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against

the other, but they may *in all cases* be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event *on a criminal trial* be permitted to disclose communications made by one to the other, except on a trial of an offense committed by one against the other."

While the provision just quoted seems to be quite general in its application, yet, as it is contained in the chapter on criminal procedure and does not purport to repeal or amend said § 335 of the civil code, we hold that it does not necessarily do so by implication, but applies solely to criminal actions.

III. The next error assigned and urged that we shall consider is the action of the court below in sustaining plaintiff's demurrer to defendant's answer. As before stated, this was an action of replevin commenced by plaintiff in the probate court of Noble county by filing therein her petition and causing summons to issue thereon. To this petition defendant filed an answer which, omitting the caption, is as follows: "Comes now the defendant, and for answer to the petition of plaintiff in the above entitled case, denies each and every material allegation therein contained," to which answer plaintiff interposed a demurrer on the ground that said answer does not state facts sufficient to constitute a defense to said action, which said demurrer was sustained, and to this ruling of the court defendant duly excepted. Counsel for plaintiff in error insists that said answer is entirely sufficient under § 94 of the civil code which provides, among other things, that, "The answer shall contain: *First.* A general or special denial of each material allegation of the petition controverted by the defendant," and cite *Bremer v. Biglow*, 8 Kan. 496, and *Perkins v. Ermel*, 2 Kan. 319, in support of their contention.

The question is not squarely passed upon in either of these cases, although some of the language used by the court in the former is perhaps applicable here. It is there held that, "The defendants, Charles P. Foreman and Emma Foreman, answered by their guardian *ad litem*. The answer did not put in issue any of the material allegations of the petition, nor did it raise any new issues. If these defendants were minors, the court erred in trying the case upon any such answer. The guardian *ad litem* should have, at least, denied in the answer all the material allegations of the petition prejudicial to the defendants." It is contended on the part of defendant in error that the answer is bad because it denies "each and every material allegation," instead of denying "each and every allegation" of plaintiff's petition. This seems also to have been the view taken by the trial court, and we find considerable support therefor in the authorities, although none is cited in defendant in error's brief. In § 61 of Boone on Code Pleading it is stated that, "It has accordingly been held, that an answer in terms merely denying 'each and every *material* allegation in the complaint' is evasive, and not good pleadings," citing *Seward v. Miller*, 6 How. Pr. 312; *Mattison v. Smith*, 19 Abb. Pr. 290; *Montour v. Purdy*, 11 Minn. 384; *Dodge v. Chandler*, 13 Minn. 114. Some decisions even criticise the form of denial which counsel for defendant in error concede to be good. See *Town of Denver v. City of Spokane Falls*, 34 Pac. 926, where it is held that, "An answer wherein defendants 'say' that they deny each and every allegation in the complaint, while not commendable, is a denial, and will be sustained, unless objected to at the proper time." But, under none of the decisions, so far as we have examined, would the answer hereinbefore set out, be held bad as

against a general demurrer. As stated in *Town of Denver v. City of Spokane Falls, supra,* the proper way to reach such a defect is by motion to make more definite and certain. We deem it useless, however, to look further into the decisions of other jurisdictions upon this question, as we consider it definitely settled under our civil code which was adopted from the state of Kansas. In the case of *Miller v. Brumbaugh,* 7 Kan. 343, it is held that, "The denial in the reply was 'of each and every material allegation of new matter in the answer.' It seems to have been thought that the use of the word 'material' vitiated this denial; that to be good it should extend to every allegation. 'Who is to say from this that he denied any specific allegation?' inquire counsel in their brief. A little examination will expose the error. The affirmance and denial of an immaterial matter make no issue in an action. We consider pleadings with reference to the issues they present, and take note of affirmations and denials only as they affect these issues. The evidence is confined to those allegations only which are material. They only are subjects of consideration. If immaterial allegations prejudice a party they may be stricken out on his motion. If they do not prejudice, they may be disregarded. If a denial were necessary, they would be considered as denied under § 128 of the code. 'Every *material* allegation of the petition not controverted by the answer, and every *material* allegation of new matter in the answer not controverted by the reply shall, for the purpose of the action, be taken as true.' The use of an adjective, which, when not used, is implied, cannot injure a pleading." We, therefore, find that said answer is entirely sufficient under the provisions of our code.

It is not really necessary, for the decision of this case,

that we examine and pass upon any of the other errors assigned, but there is one other question raised by the plaintiff in error which the writer deems of sufficient importance to require consideration and settlement by us at this time, as, otherwise, it will be presented again for determination at the very threshold of the next trial of the case, and may be the basis of another proceeding in error in this court. The question here referred to is presented by the fifth and sixth assignments of error which are based upon the following proceedings had in the probate court, to-wit: "The issues having been fully joined this cause came on for trial on the twenty-seventh day of April, 1895, it being the regular March term of the probate court of Noble county, Oklahoma Territory; whereupon the defendant demanded a jury to try the issues joined. The court thereupon prepared a list of eighteen names of qualified jurors from which plaintiff and defendant were to strike a jury of six to try the issues in said cause, and the court demanded that the defendant make a deposit of $3 as a jury fee for said jury. To which the defendant objected and excepted. The defendant demanded that a jury be drawn as provided in the code of civil procedure for the district court, which demand was by the court refused, to which ruling of the court the defendant excepted and excepts."

The question thus raised demands that we pass upon the validity of § 4, ch. 18, Session Laws 1895, which is as follows: "The procedure with reference to summoning and empanelling juries before probate courts shall, in all respects, conform to procedure before justices of the peace, and their fees shall be the same as those allowed jurors in cases tried before justices of the peace." It is evident that the section just quoted is in conflict with

§ 2, art. 15, ch. 18, Oklahoma Statutes, 1893, which provides that "In all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace *the pleadings, practice and proceedings in said court both before and after judgment shall be governed by the chapter on civil procedure* of the territory governing pleading and practice and proceedings in the district court. In all cases commenced in said probate courts that are within the jurisdiction of justices' courts *the prac'ice and proceedings and pleadings both before and after judgment provided for in the justice's procedure of the territory shall be applicable to the practice, pleadings and proceedings of said probate courts.*" This section was ratified by an act of congress, contained in § 17, ch. 543, vol. 26, Statututes-at-Large, p. 1026, which is as follows: "*Provided,* that in addition to the jurisdiction granted to the probate courts and the judges thereof in Oklahoma Territory by legislative enactments, which enactments are hereby ratified, the probate judges of said territory are hereby granted such jurisdiction in townsite matters and under such regulations as are provided by the laws of the state of Kansas."

It is clear that, if the territorial legislature has the power to change the procedure of the probate courts, in cases wherein the amount involved exceeds the jurisdiction of justices of the peace, to any extent, from that which governs the district courts, then said legislature has the power to provide an entirely different procedure for the probate courts, in such cases, from that which obtains in the district courts. We do not think the legislature has this power, but, on the contrary, are convinced that the procedure of these two classes of courts must be the same in all civil cases wherein the amount

involved exceeds the sum of one hundred dollars and, therefore, is not within the jurisdiction of justices of the peace. We concur in the reasoning of this court, upon a question somewhat similar to the one under consideration, in the case of *Chandler v. Colcord*, 1 Okla. 260, where, among other things, it is stated that: "The act of congress is a remedial statute, and should be liberally construed to effect the purpose intended; and it is the opinion of the writer that congress intended to, and did, ratify the whole act of the legislative assembly, as well the provisions extending the jurisdiction of the probate court, as the provisions which furnish the procedure and give the appeal:" (See page 266); and that: "The law then having conferred upon the probate court *concurrent jurisdiction* with the district court in actions of replevin in which the appraised value of the property does not exceed the sum of one thousand dollars, how is the probate court to proceed in the exercise of that jurisdiction? So far as it has *concurrent jurisdiction* with the district court it is of equal dignity with the district court, and is, *pro re nata*, a district court; and no reason is perceived why the provisions of the code of civil procedure should not apply to the probate court, when in the exercise of its *concurrent jurisdiction*." (See page 267).

We do not wish to be understood as saying in this opinion that the legislature has not the power to change the procedure for both the district and probate courts, but that the procedure for both classes of courts, in all civil cases where the amount involved exceeds the jurisdiction of justices of the peace, must be the same.

The case of *Brickner v. Sporleder*, 3 Oklahoma, 561, is overruled in so far as the reasoning therein, upon the question of the right of appeal from the probate courts

to the district courts in cases wherein the amount involved exceeds the jurisdiction of justices of the peace, is, in any wise, in conflict with this decision. In such cases there is no appeal from the probate to the district courts. Section 5, art. 15, ch. 18, Oklahoma Statute, 1893, does not, in our opinion, purport to give such right of appeal. It provides that "Appeals from the final judgment of said probate courts shall be allowed and taken to the supreme court of this territory in the same manner as (from) the district court and with like effect when only questions of law are involved in the appeal. *If questions of fact are to be retried in the appellate court the appeals shall be taken to the district court* of the county in manner and form as appeals are taken from judgments of justices of the peace."

This section does not say that, in any case commenced in the probate court, the losing party may appeal to the district court of the county and have the facts retried, but that, "if questions of fact are to be retried in the appellate court" such an appeal "shall be taken," etc. This language evidently means that, in those cases where, under the law, questions of fact may be retired in the appellate court, "the appeals shall be taken to the district court of the county in manner and form as appeals are taken from judgments of justices of the peace." In what class of civil cases, then, under the provisions of our statute, can questions of fact be retried in the appellate court? We must look to the justice's code to ascertain. In said code of the Statutes of 1890, which were in force when congress ratified the act extending the jurisdiction of probate courts, it is provided that, "when a party appeals to the district court on questions of fact, or on questions of both law and fact, and demands in his notice of appeal a new trial in the district

court, no statement must be made, but the action must be tried anew in that court." (Sec. 5253).

The last clause of § 4766, Oklahoma Statutes 1893, is in the following language: "No notice of appeal shall be required to be filed or served, and the case shall be tried *de novo* in the district court upon the original papers on which the cause was tried before the justice, unless the appellate court, in the furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

There has never been any authority, in the laws of this territory, for questions of fact, in civil actions, to be retried on appeal, except in those cases within the jurisdiction of, and originally tried before, justices of the peace. However, after the probate courts had been invested with the same jurisdiction as justices of the peace and the same procedure which governed justice courts had been made applicable to the probate courts when exercising such jurisdiction, a trial *de novo* could be had in the district courts in all civil actions, within the jurisdiction of justices of the peace, commenced in said probate courts. By giving said § 5 this interpretation it harmonizes entirely with § 2 of the same article and, under the well known rules of construction, all parts of an act must be harmonized and given effect if possible. What force can be given the first clause of said § 2, art. 15, ch. 18, of our statutes, if the construction given § 5 of said artice in *Brickner v. Sporleder, supra,* is permitted to stand, and said § 4, ch. 18, Session Laws. 1895, is declared valid? Again, if the probate courts are, in effect, district courts, when exercising civil jurisdiction in excess of that conferred upon justices of the peace, as was correctly decided in *Chandler v. Colcord, supra,* to

hold that there is an appeal from a probate to a district court in a case involving such jurisdiction would be practically holding that there is an appeal from one district court to another.

The construction herein given the various provisions of our statute bearing upon this question is the only one consistent with reason and that will render said provisions consistent with each other.

The judgment of the probate court is reversed at the cost of the defendant in error and the cause remanded with directions that the demurrer to defendant's answer be overruled and that all further proceedings in this case be taken in accordance with this opinion.

All the other Justices concurring in paragraphs 1, 2 and 3 of the foregoing opinion. None of them concur in paragraph 4 thereof, and the reasoning therein contained expresses the views of the writer only.