## PHILIP CAREY CO. v. VICKERS.

No. 4755.   Opinion Filed   July 22, 1913.

Rehearing Denied September 2, 1913.

(134 Pac. 851.)

1.   JUDGMENT—Motion to Vacate or Modify—Jurisdiction. It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated or modified by the court.

2.   SAME. It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them.

3.   SAME—Jurisdiction to Entertain. A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered but was not ruled upon until the succeeding term, when it was sustained and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed.

4.   APPEAL AND ERROR—Judgment—Discretionary Ruling—Vacation of Judgment. Where it does not clearly appear that the court below abused its discretion, its action in relation to such motion will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

An action by Arthur A. Vickers against the Philip Carey Company and another. From an order setting aside judgment for defendant, the defendant named brings error. Affirmed.

*Shartel, Keaton & Wells,* for plaintiff in error.
*John R. Guyer* and *R. A. Rogers,* for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, Arthur A. Vickers, against the plaintiff in error, the Philip Carey Company, and the defendant J. A. Johnson. No summons seems to have been served on Johnson, and his connection with the case is merely nominal. One of the defenses of the Philip Carey Company was that on August 25, 1910, it made a full and complete settlement of all claims of said plaintiff against the defendant arising out of the accident described in his petition; that at the time of making said settlement the plaintiff executed a receipt in full for all claims which he may have had against said defendant on account of said accident and injuries, a true and complete copy of which said receipt is attached to the answer, made a part thereof, and marked Exhibit A. The reply of the plaintiff was an unverified general denial. Upon the cause being called for trial, and after counsel for plaintiff in error made his opening statement, counsel for defendant made the following motion, which was overruled by the court:

"Here counsel for defendant moves the court to direct the jury to return a verdict for the defendant on the pleadings of the case and the opening statement of counsel."

Here counsel for defendant objected to the introduction of any evidence for the reason that the petition failed to state facts sufficient to constitute a cause of action; said motion being as follows:

"Here counsel for defendants objects to the introduction of any evidence for the reason the petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and here again moves for judgment on the pleadings in the case."

During the plaintiff's examination in chief, and while he was endeavoring to show that the release pleaded as a defense was executed by him through inadvertence or mistake, or because of mental unsoundness, if at all, counsel for defendant again objected, and thereupon the following occurred:

"By counsel for the Defendants: The defendants object to all of this about wages; nothing pleaded here about that that I know of. By Counsel for the Plaintiff: You claim you made a settlement and paid him money. We deny that in our answer and we are showing every conversation had with respect to money was had about wages. I asked him what conversation was had with this man about going back to work. By Counsel for the Defendants: We say that they have not denied they made this settlement. It is not an issue in this case. By the Court: Your reply must be under oath to be an issue. By Counsel for the Plaintiff: We except. By Counsel for the Defendants: We again move for a judgment on the pleadings, regardless of any other question of negligence in the case. By Counsel for the Plaintiff: If your honor please, where a release is obtained, we may attack that release. By the Court: Have you attacked it? By Counsel for the Plaintiff: We have been denying it. We deny that we ever made such a release. I have an opinion here by Judge Dunn— By Counsel for the Defendants: I have that case here. 102 Pacific. By the Court: Have you set up any other matters in your denial, such as fraud? By Counsel for the Plaintiff: We simply deny making such a release. By the Court: I am of the opinion, Mr. Ruth, unless you state facts in your reply— By Counsel for the Plaintiff: I appreciate the fact, if we allege fraud or rely on a fraudulent procurement we should set up the exact fraud. By the Court: You deny that you ever made it? By Counsel for the Plaintiff: .Yes, sir. By the Court: Then your reply must be under oath if you deny signing the release in question. By the Counsel for the Plaintiff: We except. By the Court: The objection will be sustained to further introduction of testimony. By Counsel for the Defendants: I move again for judgment on the pleadings. I moved that on the opening statement of counsel. I moved it before the introduction of the evidence; and I now move it again for judgment on the pleadings. By the Court: No application or motion to amend being made, the court will sustain the motion for judgment on the pleadings and will enter judgment for the defendant for costs. By the Court: Gentlemen of the jury, you will be excused until 9 o'clock tomorrow morning."

On the following day plaintiff · appeared by newly employed · counsel and filed a motion, the material parts of which are as follows:

"Comes now the plaintiff in the above-styled cause and moves the court to vacate and set aside the verdict and judgment rendered herein on the 23d day of May, 1912, and to grant a new trial for the following causes, which affect materially the substantial rights of said plaintiff, to wit, * * * Eighth. Because this plaintiff has a good, valid, and just cause of action against the defendants, and that, on account of the refusal of plaintiff's attorney to amend his pleadings at the suggestion of this court, this plaintiff was deprived of his rights in the premises, without his knowledge or consent, and of this the plaintiff prays the court to take judicial knowledge. Wherefore plaintiff prays that the verdict herein be set aside and held for naught and that he be granted a new trial herein." (The omitted part constituted a statement of all the statutory grounds for a new trial.)

Thereafter, and on June 14, 1912, plaintiff filed an amended motion to set aside the judgment, which was in effect the same as the former motion, except the eighth ground was stated more in detail and an additional ground was added. The eighth and ninth grounds are stated as follows:

"Eighth. Because the release set up as the defense by the defendant and then alleged to have been signed and executed by the plaintiff is false, fraudulent, and void, and plaintiff now alleges and charges that he signed no release of his claim. for damages herein knowingly, and if such was signed by him it was obtained fraudulently from him on the representation then made to him by the defendant that the paper signed by him was a pay receipt. Plaintiff further alleges that the only paper he ever signed to the defendants and for them was what he supposed, and what they represented it to him, to be a receipt for his pay, and that he did not intend to and would not have signed a release for damages, although plaintiff represents and now charges that if the time alleged that such release was signed that plaintiff was neither in a mental or physical condition to know what he was signing, as he was very ill at that time, having fits daily, and he was at all times irresponsible and out of his head, as he is now informed by those whom he believes and

now so states. Plaintiff further states that on a new trial he will be able to establish the allegations hereunder, and that the plaintiff's name to the release so signed are false and fraudulent and to plaintiff's injury, and that this would have been set up in his petition or reply if his instructions had been followed, and that on a new trial plaintiff will amend his petition and deny having executed such a release in manner and form and in substance as herein alleged, and to this end plaintiff appeals to the equitable powers of the court.

"Ninth. Because this plaintiff has a good, valid, and just cause of action against defendants, and that, on account of the refusal of plaintiff's then attorney to amend his pleadings at the suggestion of this court, this plaintiff was deprived of his just rights in the premises without his knowledge or consent, and of all this the plaintiff prays the court to take judicial knowledge. Wherefore plaintiff prays that the verdict herein be set aside and held for naught, and that he be granted a new trial herein and be allowed to amend his petition, and to file a reply to defendants' answer, and for all such general and special relief, both in law and in equity, to which he may be entitled."

All the foregoing proceedings were had during the same term. Therefore, and at a subsequent term of the court, plaintiff's amended motion to vacate judgment and for a new trial came on to be heard, and upon due hearing the court sustained the same, and it is to reverse this action of the court that the proceeding in error was commenced.

After analyzing as well as we can the various and able briefs filed on behalf of the respective parties to this proceeding, we believe that the principal question may be stated as follows:

Did the inherent equitable control which the trial court is conceded to possess over its own judgments, during the term at which they are rendered, follow the motion herein, which was filed during the term, into a succeeding term, thus preserving the power of the court to control its judgment during the succeeding term in all respects the same as if it had acted upon the motion at the same term it was filed and the judgment vacated was rendered? The contention of counsel

for plaintiff in error is that the inherent control of the trial court over its judgments ends with the term at which the judgment was rendered; and this is so notwithstanding a motion invoking such inherent equitable power may have been filed during such term and remained on file undisposed of at its close. The rule, however, seems to be that, when such a motion is made before the end of the term and is duly continued over to the following term before the court rules upon it, it is regarded merely as unfinished business at the following term and may · be passed upon at that time. *Bronson v. Schutten et al.,* 14 Otto, (104 U. S.) 410, 26 L. Ed. 979; *Loring v. Frue,* 14 Otto, (104 U. S.) 223-227, 26 L. Ed. 713; *Goddard v. Ordway,* 101 U. S. 745, 25 L. Ed. 1040; *Norton v. A., T. & S. F. Ry. Co.,* 97 Cal. 388, 32 Pac. 452, 33 Am. St. Rep. 198; *Wilson v. Cleveland,* 30 Cal. 192; *Knox County Bank of Mt. Vernon v. Stephen Doty et al.,* 9 Ohio St. 506, 75 Am. Dec. 479; *Niles v. Parks et al.,* 49 Ohio St. 370, 34 N. E. 735. The first and second headnotes to *Bronson v. Schulten et al., supra,* are as follows:

"1. It is a general rule of law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record and may then be set aside, vacated, or modified by that court.

"2. It is equally well established that, after the term has ended, all final judgments and decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist they can only be corrected by such proceeding, by writ of error or appeal, as may be allowed in a court which by law can review the decision."

The opinion itself contains a luminous discussion of the inherent power of courts over their own judgments during the term at which they are rendered. The facts out of which the question therein involved arose are too voluminous to restate them in full here. The motion ruled upon involved the inherent

control of the trial court over a certain judgment rendered by it and was filed during the same term at which such judgment was rendered but remained undisposed of for a period of seventeen years. The Supreme Court overruled the motion upon the ground of laches but recognized the power of the court to pass upon the same, although many terms had intervened since it was filed. Mr. Justice Miller, who delivered the opinion of the court, succinctly states the conclusion reached by the court as follows:

"There has grown up, however, in the courts of law a tendency to apply to this control, over their own judgments, some of the principles of the courts of equity in cases which go a little further in administering summary relief than the old-fashioned writ of error *coram vobis* did. This practice has been founded in the courts of many of the states on statutes which conferred a prescribed and limited control over the judgment of a court after the expiration of the term at which it was rendered. In other cases the summary remedy by motion has been granted as founded in the inherent power of the court over its own judgments and to avoid the expense and delay of a formal suit in chancery. It can easily be seen how this practice is justified in courts of the states where a system has been adopted which amalgamates the equitable and common-law jurisdiction in one form of action, as most of the rules of procedure do."

All the authorities cited seem to us to be to the same effect and fully support the principal case. The cases from Ohio, which state has a Code practically the same as our own, are probably more directly in point. In the case of *Knox County Bank of Mt. Vernon v. Stephen Doty, supra,* it was said:

"In this case judgment was taken in the court of common pleas upon a warrant of attorney without the production and proof of its execution and without filing the original warranty or a copy thereof. Lloyd, one of the defendants, at the term in which it was rendered, filed his motion to vacate for this cause, and that motion was regularly continued, from term to term, until it was finally disposed of by setting aside the judgment. A motion thus made, continued, and determined is, in legal contemplation, as if made and decided at the trial term."

In *Niles v. Parks, supra,* paragraphs 2 and 3 of the headnotes read as follows:

"2. The court of common pleas had complete control over its own orders during the term at which they were entered, and might set aside the sale and entry of confirmation at its discretion.

"3. The discretionary powers of the court in this respect was not lost by the continuance of the motion to the next term, and when decided at that term it was the same, in legal contemplation, as if the decision had been made at the term at which the motion was filed."

None of the grounds to vacate, set out in the motion in the foregoing cases, were based upon statutes, but they were, as in the case at bar, direct appeals to the exercise of the inherent equitable discretionary power of the trial court over its own judgments during the term at which they were rendered. Counsel for plaintiff in error further contends that, even assuming that the trial court had an inherent equitable power outside of the statute to vacate the judgment or grant a new trial in the case, the authorities show clearly that the grounds alleged in plaintiff's motion were insufficient to warrant the exercise of such supposed equitable power.

Having reached the conclusion that the trial court has the inherent equitable power to vacate its own judgments during the term at which they were rendered for reasons other than those stated in the statute as grounds for a new trial, and that if such power is properly invoked during said term the court may act upon the motion at a subsequent term, it follows that, unless it clearly appears that the court below abused its discretion, its action in relation to the motion herein will not be disturbed on appeal. *Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427.

Upon sustaining the motion to vacate, the court below said:

"I will say that the conduct of counsel was, to say the least, peculiar, and the court is of the opinion that the plaintiff has not had his day in court."

In our judgment the foregoing comment is entirely justified. From the plaintiff's petition and the part of the record hereinbefore set out, it appears that plaintiff has a good cause of action against the defendant, and that he is being prevented from prosecuting the same by a technicality which has absolutely nothing to do with the merits of the case. To every lawsuit the state is a party, as well as the plaintiffs and the defendants in whose names the same is being prosecuted. The state pays the salary of the judges and a large portion of the other expenses of what upon the face of the pleading appears to be merely private litigation, and this munificence is justified upon the theory that it is a matter of public concern that every justiciable cause shall be decided according to right and justice. The duty of the court is not merely that of an umpire, to mark the fine points made by counsel for the respective parties and then decide the cause in favor of the party whose lawyer has the more points to his credit. The court must keep in mind the interest of the state in the controversy and so direct the cause that the interest of the state, as well as that of the real parties, will be subserved.

Undoubtedly the court below was impressed by the showing made and what had occurred in his presence that the plaintiff had been deprived of his day in court, one of his most sacred rights, and that he ought to be afforded an opportunity to present his case upon its merits upon making timely application therefor. In our judgment that was a proper subject for the exercise of the inherent power of the court. The question is raised that the order appealed from is not an appealable order; but, in view of the conclusion heretofore reached, it is unnecessary to pass upon the same.

The judgment of the court below is therefore affirmed.

HAYES, C. J., and WILLIAMS and TURNER. JJ., concur; DUNN, J., absent.