### HAWKINS v. PAYNE.

No. 17783.   Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

1. Judgment—Invalidity of Default Judgment Rendered on Defective Process.

Where a purported copy of a summons served personally upon the defendant in an action pending in the county court notifies the defendant that the action is pending in the district court, such purported copy so served is not a sufficient notice to the defendant as required by sections 239 and 233, C. O. S. 1921, and a judgment rendered against him upon such notice only will be set aside upon motion timely presented to the court rendering such judgment.

2. Same—Extrinsic Evidence to Contradict Officer's Return.

Evidence extrinsic is admissible to contradict the officer's return of original process to show the facts upon which judgment depends.

3. Judgment—Vacation of Default at Subsequent Term After Continuance of Motion to Vacate.

A motion to vacate a default judgment was filed during the term at which such judgment was rendered, but not ruled upon until the succeeding term, when it was sustained and the judgment vacated. Held, the jurisdiction of the court was not lost by the continuance of the motion to the next term, and when sustained at that term, the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed.

Error from County Court, Payne County; L. H. Woodyard, Judge.

Action by D. M. Hawkins against H. H. Payne. Motion by defendant to set aside default judgment rendered against him sustained, and plaintiff appeals. Affirmed.

Walter Mathews, for plaintiff in error.

J. W. Reece, for defendant in error.

RILEY, J. Herein is presented an appeal by plaintiff below from the judgment of the county court of Payne county, sitting at Cushing, setting aside a default judgment in favor of plaintiff and against Payne, defendant below. The default judgment was rendered April 5, 1926. The judgment setting it aside is dated June 7, 1926. The special appearance and motion to vacate was filed April 19, 1926. A new term of court was begun in May prior to the judgment vacating the default judgment. The grounds relied upon were that the judgment was void, no summons was issued, and no summons was served.

The serving officer identified the copy of the summons served by him upon Payne. This document is styled "In the District Court of Payne County, State of Oklahoma," and the text thereof notifies H. H. Payne that he has been sued by D. M. Hawkins in the district court.

The certificate of the serving officer is: "State of Oklahoma, County of Payne, ss.

"I hereby certify that the within is a true copy of the original summons with all indorsements thereof.
"J. B. Galderhead, Sheriff,
"By W. C. Gilchrist, Deputy."

So then the summons served was for the district court, whereas the default judgment was rendered in the county court, and at Cushing.

Section 3354, C. O. S. 1921, provides for county court sitting at Cushing in addition to the county court sessions at Stillwater, the county seat, and in addition for a resident deputy court clerk at Cushing.

The trial court found that "legal service of summons was not had upon defendant."

In addition to the copy of the summons served there was introduced by opposing counsel the original summons with indorse-

ments thereon, which original in its caption bears the designation:

"In the County Court of Payne County, State of Oklahoma."

Section 239, C. O. S. 1921, provides that service of summons shall be made by delivering a copy of the same to the defendant personally or by leaving one at his usual place of residence with some member of his family over 15 years of age at any time before the return day.

Herein the first method of service was attempted. The purported copy served was insufficient, for it showed the action to be in the district court, when in fact it was in the county court.

Section 233, C. O. S. 1921, requires that the sheriff notify the defendant that he has been sued. No intelligent notice can be served without information in such summons contained as to the particular court where the action rests. The proper court should be designated in the summons served.

Counsel for Hawkins rely upon Nix v. Gilmer, 5 Okla. 740, 50 Pac. 131, wherein the summons designated "P" county, which had been changed to the name of Noble county. That decision fell under the doctrine of an inaccuracy which does not mislead or prejudice, and one which will be disregarded. 32 Cyc. 459 (C).

The motion herein to vacate was filed within term time, and while not acted upon until the subsequent term, it would appear that the rule of syllabus, paragraph 1, in Stark Bros. v. Glaser, 19 Okla. 502, 91 Pac. 1040, reiterated in Mo. Quarries Co. v. Brady, 95 Okla. 279, 219 Pac. 368, applies, holding that the court has jurisdiction to hear, though the motion is not decided until a subsequent term, Cole v. State, 73 W. Va. 410, Anno. Cas. 1916D, 1256, and note 1260; Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; Parks v. Haynes, 52 Okla. 63, 152 Pac. 400.

Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, is distinguishable from the case at bar in fact, but it supports the rule here followed in paragraph 2, page 284, in holding:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process under the third subdivision of section 5267, R. L. 1910 (810, C. O. S. 1921), empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order'."

And again in holding:

"Extrinsic evidence is admissible to contradict the officer's return of service and to show that process was not served on defendant."

The chief distinguishing feature between the case at bar and Pettis v. Johnston is that here, by reason of the filing of the motion to vacate during the term of the default judgment, though the same was not passed upon until later, the effect is that of a judgment vacating the default at the term of the original judgment.

Here the evidence as to the deficiency of the service reaches that high probative quality of being clear, cogent, and convincing, while in the case cited it was held (par. 7) the officer making the return, upon which judgment was rendered, could not contradict it—herein the officer identified the copy served—the copy served as an exhibit proved the fact of its deficiency. In addition, there was cogent and convincing testimony corroborating the fact established. The attorney for Hawkins in cross-examination testified it was possible that the deficiency in the copy of the summons served was occasioned by the failure to use carbon in his typewriter.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 34 C. J. p. 270, §493; 15 R. C. L. p. 664; 3 R. C. L. Supp. p. 482. (2) 34 C. J. p. 357, §572; 32 Cyc. p. 516. (3) 34 C. J. p. 364, §579 (Anno).