## REDCORN v. DISTRICT COURT OF EIGHTH JUDICIAL DIST. et al.

No. 20787. Opinion Filed Feb. 11, 1930.

Sams & Campbell and William G. Davidson, for petitioners.

RILEY, J. Petitioner, Raymond Redcorn, a full-blood Osage Indian, is a resident of Osage county. The respondents consist of the district judge in Love county and attorneys for this state. Grace B. Redcorn is the wife of petitioner. On May 23, 1929, Grace B. Redcorn commenced an action in the district court of Love county for divorce. Summons was issued, but copy of summons as served notified petitioner to file answer in the district court of Osage county. The date for filing answer was blank as to year and the summons served contained no seal of the court. Petitioner herein, defendant therein, pleaded specially to the jurisdiction of the court. His plea was overruled. Petitioner pleaded further to the jurisdiction in the divorce action and in effect that his wife was not a resident in good faith of Love county, but prior to May, 23, 1919, she was a resident of Osage county and resided in Pawhuska in the home of petitioner as his wife; that on said date she had left Osage county with her attorneys, respondents Weaver and Carr, and went to Marietta, Love county, for the specific purpose of bringing her action for divorce and alimony, and that she left Marietta two or three days after filing said action and returned to Osage county and the home of petitioner, where she has since resided as his wife.

The Honorable District Judge, after a hearing, overruled and denied petitioner's plea to jurisdiction. Petitioner was required to answer, which he did, continuing to object to jurisdiction for the reason of defective service of summons and the nonresidence in good faith of plaintiff in said cause for divorce.

On May 23, 1919, the date of filing the petition for divorce, the Honorable District Judge ordered petitioner to pay temporary alimony in the sum of $250 per month and the sum of $1,000 temporary counsel fee and the sum of $50 court cost. The order provided a lien for said sums upon the real and personal property of petitioner. Petitioner was also restrained from alienating or disposing of his property described. On June 7, 1929, the lien and restraining order was extended to other real estate of petitioner. Citation for contempt, for alleged failure to comply with the payments ordered, was served upon petitioner and he was directed to appear therein September 28, 1929. Petitioner requested and secured a continuance of said contempt hearing until October 12, 1929. On October 7, 1929, this court issued its temporary writ of prohibition staying further proceedings, pending final disposition of the matters presented.

We decline, in this proceeding, to pass

upon whether Grace B. Redcorn was, at the time of filing her petition for divorce, a resident in good faith of Love county. Sections 206, 502, C. O. S. 1921; Carpenter v. Carpenter, 30 Kan. 712, 2 Pac. 122; Beach v. Beach, 4 Okla. 359, 46 Pac. 514.

"Prohibition is the proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings." Yarhola v. Duling, 85 Okla. 171, 207 Pac. 293; Davis v. Dist. Ct., 129 Okla. 236, 264 Pac. 176; Jones v. Pugh, Judge, 130 Okla. 291, 267 Pac. 272; Owen v. Dist. Ct., 43 Okla. 442, 143 Pac. 17; Kincannon v. Pugh, 114 Okla. 90, 243 Pac. 945.

There exist fatal defects in the summons served upon petitioner in the divorce action. Sections 233, 239, C. O. S. 1921.

Dexter v. Cochran, 17 Kan. 447, holds that a summons without the clerk's seal on it is an absolute nullity and confers no jurisdiction over the person. Lindsey v. Board County Commissioners, 56 Kan. 630, 44 Pac. 605; Hawkins v. Payne, 129 Okla. 243, 264 Pac. 179.

The summons was fatally defective in that it directed petitioner to answer in the district court of Osage county instead of the court from whence the writ issued, to wit, Love county. Himes v. Bacon, 80 Okla. 165, 207 Pac. 93; State ex rel. Collins v. Parks, Judge, 34 Okla. 334, 126 Pac. 242; Sealy v. Smith et al., 81 Okla. 97, 197 Pac. 490.

The summons omitted to state the time within which answer was to be filed.

"Under section 506, C. O. S. 1921, the allowance of counsel fees in an action for divorce is but incident to the main action, and such counsel fees will be allowed only while the main action is pending." Freedman v. Freeman, 132 Okla. 45, 269 Pac. 257.

Now counsel for respondents have cited many cases holding that a court having jurisdiction of a divorce action has power to order alimony pendente lite and temporary attorney fees without notice. Gundry v. Gundry, 11 Okla. 423, 68 Pac. 509; Fowler v. Fowler, 61 Okla. 280, 161 Pac. 227; Uhl v. Irwin, 3 Okla. 388, 41 Pac. 376.

The facts in the Gundry Case are that: "This petition was duly verified by the plaintiff and filed on March 26, 1901, on the same day summons was duly issued and served on the defendant. On April 3, 1901, and before answer was filed" the temporary

alimony award was made without notice as to the pendency of such an application.

The court there said:

"* * * It is the better practice to require the plaintiff to give notice to defendant of the time and place of the application for allowance of alimony pendente lite, but whether notice should be given is a matter that rests entirely in the sound discretion of the court or judge."

We also observe that section 506, C. O. S. 1921, provides that after petition has been filed in an action for divorce and alimony, such order of alimony pendente lite may issue as well as an order in restraint of disposition of property as may be right and proper.

We note that in Blackaby v. Cullison, 31 Okla. 187, 120 Pac. 660, this court held an order allowing alimony and attorney fees pendente lite is not an appealable order. To the same effect, Moore v. Moore, 87 Okla. 269, 210 Pac. 728. Therefore, we conclude that great and irreparable injury might ensue to petitioner unless we give consideration to the application before us.

Respondents contend that jurisdiction of the person of petitioner Redcorn was obtained by his recognition of the pendency of the action against him by his act in taking depositions, citing 4 C. J. 1334. The depositions taken went generally to the jurisdictional question, i. e., residence in good faith. Moreover, petitioner continually objected to the jurisdiction of the court. A., T. & S. F. Ry. Co. v. Lambert, 31 Okla. 300, 121 Pac. 654. The authorities supporting the citation are of dubious value to the facts before us and are not uniform in themselves.

By virtue of section 2, art. 7, Const. of Oklahoma, the original jurisdiction of the Supreme Court extended to a general superintending control of inferior courts. Even though the court below possessed jurisdiction of the subject-matter by reason of a bona fide residence of plaintiff in Love county, and that we seriously doubt, and even though the trial court was empowered to make and enforce an order of alimony and attorney fees pendente lite without any notice and in the absence of the service of summons in the main case, and we know of no such case (none are cited), yet we hold, admitting jurisdiction, that the lower court attempted to make an unauthorized application of judicial force.

The temporary writ of prohibition is made permanent, and the trial court is restrained·

from enforcing the order of alimony and attorney fees pendente lite.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, CULLISON, and SWINDALL, JJ., concur. HEFNER and ANDREWS, JJ., absent, not participating.

Note.—See "Courts," 15 C. J. §540, p. 1108, n. 41.