## VANCE v. COMMERCIAL CREDIT CO.

No. 26642.    March 24, 1936.

Snyder & Barry and Mathers & Mathers, for plaintiff in error.

Billups & Billups, for defendant in error.

CORN, J. This action was commenced in the district court of Oklahoma county, wherein the Commercial Credit Company, as plaintiff, filed a petition in replevin against Vera Elizabeth Vance, as defendant, to obtain possession of an automobile which the defendant had purchased from the Fred Young Motor Company, assignor of p'aintiff, under a conditional sales contract. The sheriff levied upon the property, but defendant gave a redelivery bond to the sheriff. The defendant had taken the car out of the state and had kept its whereabouts concealed from the plaintiff for several months, and the plaintiff, believing the redelivery bond to be worthless and desiring to obtain possession of the car and hold it pending the final determination of action, filed an amended petition to foreclose the conditional sales contract in an equitable action in which a receiver was applied for and appointed by the court, and dismissed the replevin action without prejudice. But upon the hearing on the receivership the court was of the opinion that an equitable action in receivership and foreclosure was not the proper remedy, and the receivership was vacated as an unavailing remedy in that class of cases. The plaintiff thereupon moved and obtained a reinstatement of its replevin action and dismissed the foreclosure and receivership petition, and the car was restored to defendant under the redelivery bond. This all transpired in the course of a few days and before the defendant filed her answer.

The defendant in her answer alleged that at the time she purchased the automobile the agent of the seller represented to her that the automobile was a 1934 model, which in fact was a 1933 model, and which fact was well known to the seller; that she was not

familiar with makes and kinds of automobiles and for such reason did not know, nor could have learned at the time, that it was a 1933 model; that she relied upon the representations made by the seller, but for which she would not have purchased the automobile. She claims she was damaged by reason thereof in the sum of $900, which she pleaded as a recoupment and set-off against the claim of the plaintiff under the conditional sales contract. The defendant also pleaded as a bar to the reinstated replevin action that the plaintiff's amended petition seeking a personal judgment for the amount due under the conditional sales contract constituted an election on the part of the plaintiff to make the conditional sales contract absolute, thereby placing full title to the automobile in the defendant, and that by reason of such election plaintiff had no right or interest in the property and could not maintain the action.

Plaintiff filed a reply properly joining the issues raised in the answer, and on November 8, 1934, the cause came on for hearing. The defendant moved for judgment on the pleadings, and the motion was sustained. On November 10, 1934, plaintiff filed a motion for a new trial, which motion was taken under advisement by the court until January 15, 1935, when the court made an order sustaining the motion and granting a new trial. On February 27, 1935, the defendant filed an amendment to her answer setting up as an additional defense that the judgment rendered by the court on November 8, 1934, in favor of defendant was final, conclusive, and res adjudicata and a bar to the action. The parties will be referred to herein in the same order as they appeared in the trial court.

The defendant first contends that: When the plaintiff instituted an action to recover the purchase price under the conditional sales contract, it thereby elected to treat the conditional sale to the defendant as absolute, and divested itself of any possessory rights, and therefore could not maintain the replevin action.

In applying the doctrine of "election of remedies" to this case we do not regard the filing of the equitable foreclosure action, under the circumstances above related, an act of such a decisive nature as to constitute a binding and irrevocable election. If the rule is to be rigidly enforced in this case, as insisted upon by the defendant, we cannot see why it would not apply to the first action rather than the second action filed by the plaintiff, and that plaintiff was bound to pursue the replevin action as its remedy.

The defendant was present and made no objection when the plaintiff dismissed the foreclosure action and obtained the reinstatement of the replevin action. This was done before the defendant filed her answer, and it is not shown that she suffered any detriment by reason of the reinstatement of the replevin action.

In the case of Berry-Beall Dry Goods Co. v. Francis et al., 104 Okla. 81, 230 P. 496, this court held, as stated in the syllabus:

"Cross-petitioner elected to proceed upon one cause of action, but later, without having gained any advantage or causing any detriment to the plaintiff, was permitted, over the objection of the plaintiff, to withdraw the announcement and elect to proceed upon the other cause of action stated in the petition. Held, not reversible error."

And in the body of the opinion the court said:

"At the trial plaintiff moved that the cross-petitioners be required to elect whether they would proceed on the note and mortgage or on the open account. They elected to proceed on the open account and plaintiff introduced its note and mortgage and proof that they had not been paid, and rested. After defendants had interrogated one witness, the court recessed for noon. When court convened after noon, counsel for cross-petitioners announced that they had unexpectedly been called upon to elect and, without mature thought, had elected to proceed upon the open account, but, upon more mature deliberation, decided to withdraw that announcement and elect to proceed on the note and mortgage, which the court permitted over the objection of the plaintiff. The court then announced that plaintiff might then introduce any further evidence it might desire, which it refused to do, but stood on its exception. This ruling of the court is urged as error.

"Assuming, but not deciding, that it is a case where an election could be required, we think no error was committed by the withdrawal of the announcement and election to proceed upon the note and mortgage. No advantage was gained and plaintiff suffered no detriment."

The journal entry in this case reinstating the replevin action was approved by the attorneys for the defendant. We are, therefore, unable to see any merit in the foregoing contention.

The defendant next contends that: The judgment rendered on the pleadings November 8, 1934, was unappealed from and was permitted to become final. It was therefore res adjudicata and a bar to the action and judgment rendered on March 21, 1935.

As shown in the above statement of facts,

the motion for a new trial was filed by plaintiff within three days from the rendition of the judgment, but the motion was taken under advisement by the court and was not passed upon until January 15, 1935, at which time the motion was sustained and a new trial granted.

The defendant contends that the court lost jurisdiction of this motion at the expiration of the term and was without power to grant a new trial at the following term of court. This contention is not sustained by the authorities. In the case of Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851, this court held, as stated in the syllabus, as follows:

"A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered but was not ruled upon until the succeeding term, when it was sustained and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed."

In the body of the opinion the court said:

"Did the inherent equitable control which the trial court is conceded to possess over its own judgments, during the term at which they are rendered, follow the motion herein, which was filed during the term, into a succeeding term, thus preserving the power of the court to control its judgment during the succeeding term in all respects the same as if it had acted upon the motion at the same term it was filed and the judgment vacated was rendered? The contention of counsel for plaintiff in error is that the inherent control of the trial court over its judgments ends with the term at which the judgment was rendered; and this is so notwithstanding a motion invoking such inherent equitable power may have been filed during such term and remained on file undisposed of at its close. The rule, however, seems to be that, when such a motion is made before the end of the term and is duly continued over to the following term before the court rules upon it, it is regarded merely as unfinished business at the following term and may be passed upon at that time. Bronson v. Schulten et al., 14 Otto (104 U. S.) 410, 26 L. Ed. 797."

The case of Philip Carey Co. v. Vickers, supra, is sustained by the following cases: Missouri Quarries Co. v. Brady, 95 Okla. 279, 219 P. 368; Claussen v. Amberg, 119 Okla. 187, 249 P. 330; Hawkins v. Payne, 129 Okla. 243, 264 P. 179; Blake v. Baker, Co. Treas., 66 Okla 88, 167 P. 329.

Defendant contends under her third proposition: That the trial court committed reversible error in refusing to permit the defendant to introduce proof showing a failure of consideration regarding the conditional sales contract, and from which she sustained damages in an amount in excess of that for which the plaintiff sought judgment.

The defendant offered testimony to the effect that the agent of the motor company represented to her that the car purchased was a 1934 model and that she thought she was purchasing a 1934 model, when in fact the car she purchased was a 1933 model, and that she had sustained damages in the sum of about $900 by reason of not having received the model she desired. The court sustained an objection to the testimony offered, on the ground that parol evidence is inadmissible to vary or contradict the terms of a written contract, and thereupon directed the jury to return a verdict in favor of the plaintiff.

The record discloses that the conditional sales contract sued upon described the automobile as a 1933 model. It also contains the following stipulation:

"This agreement constitutes the entire contract and no waivers or modifications shall be valid unless written upon or attached to this contract, and said car is accepted without any express or implied warranties unless written hereon at the date of purchase."

It also appears that she made a down payment of $652, including the used car traded in on the purchase price of the new car, and that thereafter she paid $500 more on the contract. She purchased the car and executed the contract on October 4, 1933. On March 9, 1934, she executed a new note and conditional sales contract for the sum of $672, payable in twelve equal monthly installments of $56 each. The new contract described the same car, and it is the one sued upon in this action. It was executed after she claims she discovered that she did not get the model she wanted.

It is a well-settled rule of law that parol evidence is inadmissible to vary or contradict the terms of a written contract, and that all negotiations had between the parties prior to the execution of the written instrument are merged in the writing.

But the rule does not apply in cases where the party alleges and proves that he was induced by material, false, and fraudulent representations to enter into a contract which he would have not entered into but for false and fraudulent representations.

As to whether the court should admit such testimony depends largely upon the sufficiency of the facts alleged in the answer to constitute fraud. The defendant does not state in her answer that the car which she purchased was not worth the contract price. She does not state the list price of her favorite model, nor does she state any facts tending to show how she suffered any detriment by reason of not having purchased the particular model she claimed she desired. In her offering of testimony no intimation was made as to how she sustained the alleged damages. She merely stated that she was damaged in said sum. Under the pleadings, the opening statement, and the offering of testimony the trial court must have been very doubtful as to her suffering any detriment; and we are of the opinion that because of the inherent weakness of the allegations of fraud and of failure of consideration as set forth in her answer, the trial court committed no error in excluding the testimony offered.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and GIBSON, JJ., concur.