PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff in Error,

v.

Marian M. O'BRIEN and Stephen C. Moncrief, Defendants in Error.

MFA MUTUAL INSURANCE COMPANY, Plaintiff in Error,

v.

Marian M. O'BRIEN and Stephen C. Moncrief, Defendants in Error.

Nos. 42472, 42455.

Supreme Court of Oklahoma.

April 30, 1968.

Knight & Wilburn, by Ray H. Wilburn, Tulsa, for plaintiff in error Preferred Mutual Ins. Co.

Best, Sharp, Thomas & Glass, by Joseph A. Sharp, Tulsa, for plaintiff in error MFA Mutual Ins. Co.

Palmer, Shepherd, Maner & Armstrong, by Robert L. Shepherd, Tulsa, for defendants in error.

BLACKBIRD, Justice.

Judgment in the District Court of Tulsa County was rendered on December 30, 1966, in a garnishment proceeding by a judgment creditor against two insurers, MFA Mutual Insurance Company and Preferred Risk Mutual Insurance Company, each of whom appeared by counsel. The judgment in garnishment proceeding went against MFA Mutual. Preferred Risk had no judgment rendered against it as garnishee in the adjudication pronounced December 30, 1966. MFA Mutual filed a motion for new trial on January 9, 1967. Thereafter, on January 17, 1967, with all parties before the court by counsel, the trial court entered an order vacating the judgment rendered December 30, 1966, and rendered a different judgment on that day. Both garnishees filed a motion for new trial directed to the January 17, 1967, judgment, and each lodged an independent appeal. Plaintiffs in error moved for consolidation of the appeals. The defendant in error O'Brien moved to dismiss the appeal, and has advised the court he has no objection to consolidation if the motion to dismiss is denied. The motion to dismiss was denied. The appeals have been consolidated as a matter of convenience.

In appeal bearing No. 42,455, the petition in error filed by FMA asserts that the judgment dated January 17, 1967, is in error. The defendants in error in cause No. 42,472, O'Brien and Moncrief, contend in briefs filed that the judgment dated January 17, 1967, is in error. The plaintiff in error, Preferred Risk in cause No. 42,472, in response to the order of this court for a memorandum brief of authorities, concedes that the trial court could only vacate the judgment pursuant to 12 O.S.1961, § 1031 et seq. This court in Fowler v. Goldfeder, Okl., 418 P.2d 317, and cases there cited, held that trial courts lose control of judgments after term unless there is substantial compliance with 12 O.S.1961, § 1031.

The purported vacation of the judgment rendered December 30, 1966, is void and the judgment of the trial court dated January 17, 1967, is reversed with directions to the trial court to dispose of any motions for new trial timely filed by any party directed to the judgment rendered December 30, 1966. Vance v. Commercial Credit Co., 176 Okl. 343, 55 P.2d 1015.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.