## W. H. MAXEY ET AL. *v.* E. A. STRONG ET AL.

1. PLEADING AND PRACTICE. *Amendments. Declaration. Summons.*
   A declaration was filed and summons issued against W. S. M. After
   service of summons the plaintiff, having discovered that the defend-
   ant's name was W. H. M., struck out the letter S. in the name of
   the defendant in the declaration and summons and substituted the
   letter H. The defendant then moved to quash the writ on account
   of such alteration. *Held*, that the court rightly overruled the
   motion.

2. PRACTICE. *Continuance.*
   A defendant applied for a continuance in order to take the deposition
   of an important witness, on the ground, as stated, that there was no
   court held at the return term of the summons, and that the pleadings
   in the case could not be settled till the term at which such application
   was made. *Held*, that it was proper to deny the application.

3. PARTNERSHIP. *Admissions. Evidence. Hearsay.*
   In a suit upon a promissory note given in the partnership name after the
   dissolution of the partnership, the hearsay testimony of what one
   partner, after dissolution, said of an act of his about the matter
   of the former partnership, is not competent evidence against the
   others.

4. SAME. *Admissions after dissolution.*
   After the dissolution of a partnership, the power of one of the members
   to make admissions about transactions of the partnership to affect
   any but himself is at an end.

5. SAME. *Power of partner after dissolution.*
   Dissolution of a partnership puts an end to the power of any of the mem-
   bers of the partnership to execute a promissory note in the partner-
   ship name for a partnership debt so as to bind the other members of
   the partnership, unless the member giving the note is authorized to
   do so by the other members or unless their acts are such that the law
   will imply such authority.

ERROR to the Circuit Court of Rankin County.

Hon. S. H. TERRAL, special judge, by agreement of parties,
Hon. A. G. Mayers having been of counsel for the plaintiff
below.

E. A. Strong & Burt, the plaintiffs in the lower court, sued
D. B. McKee and W. S. Maxey, formerly merchants in Jack-
son, Tenn., under the firm name of D. B. McKee & Co., the

firm being composed of McKee, Maxey and J. S. Chiles.    The
action was founded on two promissory notes, dated Aug. 23,
1875, and signed " D. B. McKee & Co."    A summons was
issued against D. B. McKee and W. S. Maxey, and served by
the sheriff on D. B. McKee and W. H. Maxey.    Thereupon
the plaintiff struck the letter " S " out of Maxey's name in the
declaration and in the summons, and inserted the letter " H."
The defendant Maxey then moved the court to quash the
summons, because it was issued against W. S. Maxey, and
after being executed the name was changed to W. H. Maxey,
without leave of court, and because the original return showed
service on W. S. Maxey, and afterward the name was changed
to W. H. Maxey, without leave of court.    The motion was over-
ruled, and the defendant excepted.    The defendants moved for
a continuance of the case upon affidavit filed, for the reason that
as no court was held at the preceding term, which was the return
term of the writ, the pleadings could not be settled till the term
then passing, and the cause ought to be continued with or with-
out affidavit, in order to give the defendants an opportunity to
take the deposition of Chiles, who was an important witness.
The court overruled this motion, and the defendants excepted.

The defendants pleaded *non assumpsit* and *non est factum* in
effect.    The case was tried before a jury, and several excep-
tions taken to the admission of evidence, which, with the
exceptions thereto, is sufficiently set forth in the opinion
of the court.    The instructions for the plaintiffs were, sub-
stantially, that if the jury believed from the evidence that
the defendants were formerly members of the firm of D. B.
McKee & Co., and that upon the dissolution of the firm
Chiles was authorized to settle up their business, he was fully
authorized to settle all open accounts against the firm, and if
the note sued on was given by Chiles for a debt due by the
firm before its dissolution, then they should find for the plain-
tiffs.    The defendants excepted to these instructions.    The
jury returned a verdict for the plaintiffs ; and the defendants
made a motion for a new trial, which was denied.    The de-
fendants then sued out a writ of error.

J. D. Freeman, for the plaintiffs in error.

1. The declaration and writ having been filed in court, and

the writ executed and returned into court, had become a record of that court, and could not be altered by the clerk, the attorney for the plaintiffs below, or any other person, without permission of the court, on motion for that purpose. Code of 1871, § 2489; *Ex parte Brown,* 1 How. (Miss.) 303.

2. The court erred in allowing the witness of the defendants in error to testify as to the contents of a letter not lost or mislaid over the objection of the plaintiffs in error.

3. The court erred in allowing the defendants in error to prove by the letter of Chiles to Maxey, written after the dissolution of the firm, that the notes sued on were given by Chiles for an old partnership debt of D. B. McKee & Co. 1. Because the letter was not produced, and no ground laid for parol evidence of its contents. 2. Because Chiles was alive and a competent witness. 3. Because the admission of Chiles as a former partner, made after the dissolution of the firm, was not binding on the plaintiffs in error, who were the other partners. *Jameson* v. *Franklin,* 6 How. (Miss.) 376; 3 Johns. 536; 15 Johns. 423; 7 Conn. 653; 9 Conn. 59; 1 Marsh. (Ky.) 189; Hardin (Ky.), 302; 1 Bibb, 285; 3 Bibb, 270; *Bell* v. *Morrison,* 1 Pet. 351.

4. The court erred in the instructions given for the defendants in error.

*Jayne & Buchanan,* on the same side.

1. It is true that if the declaration had described the defendant as William Maxey, it would have been sufficient; but when he was described as William S. Maxey, the " S " became descriptive of the identity of the person, and, having been alleged, it became a material part of the declaration. 1 Greenl. Evid. § 60, note 3. It is against the policy of our law to encourage, or even permit, the changing of a record, though the change be only in a letter. Rev. Code 1871, § 2489. The declaration when filed became a part of the record.

2. The court erred in overruling the defendants' motion for a continuance. Chiles was a material witness; and the refusal of the court to sustain the application for a continuance, in order to take his deposition, was an abuse of that legal discretion reposed in courts. 25 Miss. 121; 33 Miss. 383.

3. The court erred in permitting Maxey's answer, as to the

contents of a letter he had received from Chiles, to go to the jury without production of the letter itself, or proof of its loss. 1 Greenl. Evid. § 88.

*Robert Lowry*, for the defendants in error.

1. As to the rights and liabilities and the binding admissions of partners, see *Faler* v. *Jordan*, 44 Miss. 283.

2. There is no pretence that the Maxey upon whom the summons in this case was served by the sheriff was not the identical Maxey who was a member of the firm of D. B. McKee & Co. No authority need be cited to show that a misdescription of the middle name of the defendant could not have been fatal; and the changing of the letter in the declaration did Maxey no injury of which he could complain.

CAMPBELL, J., delivered the opinion of the court.

Passing by the refusal of the court to quash the summons, and the denial of a continuance, as to both of which, we think, the court did right, we proceed to examine more important questions. This is an action on two promissory notes, signed " D. B. McKee & Co.," dated " Boston, Mass., Aug. 23, 1875," and payable, respectively, four and five months after date. The action is against D. B. McKee and W. H. Maxey, as makers of said notes. Both pleaded *non est factum*, or the equivalent plea appropriate to the action. On the trial of the issue upon this plea the plaintiffs offered in evidence the notes sued on, and, having read them to the jury, called the defendant Maxey as a witness, and proved by him that, prior to May 1, 1875, there was, doing mercantile business at Jackson, Tenn., a firm under the name and style of " D. B. McKee & Co.," composed of the defendants to this action and J. S. Chiles ; that said partnership was dissolved on the 1st of May, 1875, and Chiles agreed to assume all liabilities of said firm, and was empowered to wind up the business of said partnership ; that witness did not execute said notes, and knew nothing of them until presented to him after they were due ; that he was not aware that the firm of D. B. McKee & Co. was indebted to the plaintiffs ; and that the signatures to the notes were in the handwriting of Chiles. This is the substance of the testimony of Maxey, and the plaintiffs' counsel then asked

him if, after the presentation to him of the notes for payment, he had not written to Chiles about them, and if, in reply, Chiles had not advised him that said notes were given by Chiles in settlement of an old debt contracted by D. B. Mc-Kee & Co. before the dissolution of said firm. The defendants' counsel objected to this question, because the letter was not produced, and, if produced, the admission of Chiles, after the dissolution of the partnership, was not binding on the defendants, and would not charge them on the notes. This objection was disregarded, and the witness required to answer the question; and he answered that he had received such a letter, containing such statement, and that the letter was written in April, 1876. The admission of this evidence was excepted to at the time, and is made a ground of complaint here. We are aware that, in *Curry* v. *Kurtz*, 33 Miss. 24, it was ruled that an admission by one partner, after the dissolution of the partnership, about transactions of the firm during the existence of the partnership, was admissible against other members of the former partnership; but it is observable that in that case the member whose declaration was offered in evidence was a party defendant; and stress was laid upon that fact by the learned judge who delivered the opinion. In this case, Chiles is not a defendant; and the question is, whether it was the right of the plaintiffs in the action to charge the defendants by reason of the declaration of their former partner, Chiles, made some year after the dissolution of the partnership, that the notes he had executed were for a debt due from the partnership. This is not a suit on an account against the partnership, and an offer to prove the correctness of the account or demand by an admission of one of the former partners, made after dissolution; but the admission of Chiles was introduced to prove that the notes he had given in the name of the firm were for such accounts. The execution of the notes is a fact quite distinct from the indebtedness of the firm; and even if an admission by one of the former partners, after the dissolution of the partnership, as to a transaction occurring during the partnership, be admissible against the other members, in a suit upon such transaction, it is quite clear that hearsay testimony of what one partner, after dissolution, said of an act of his about the mat-

ters of the former partnership, is not competent as evidence against the others.  To illustrate : If it be true that in an action by the plaintiffs against the defendants, on the claim against D. B. McKee & Co., supposing one to have existed, for which the notes sued on were given, the admission of Chiles that the claim was just and due from the partnership, made after the dissolution, would have been competent evidence against the defendants, it does not follow that, in the action upon certain notes, his declaration as to what they were given for is competent evidence against the defendants, who had denied the execution of the notes, and were not liable to have their denial disproved by the unsworn statement of Chiles, simply because he was once their partner.

We might content ourselves with what has been said, but cannot forbear to say that, both upon principle and the decided weight of American authority, after dissolution of the partnership, the power of one of the members to make admissions about transactions of the partnership to affect any but himself is at an end.  Story on Partnership, §§ 323, 324, and notes; Parsons on Partnership, 191, note *p.*  The objection to the evidence should have been sustained.

D. B. McKee was introduced by the plaintiffs as a witness, and produced a written agreement between him and Chiles, by which it was stipulated between them that the style of the firm should remain the same as before, until Nov. 1, 1875.  Whatever effect this contract had as to McKee, it is not shown that Maxey was a party to such contract; and without authorization from the former partners, or some act of theirs from which the law would imply authority in Chiles to execute notes in the partnership name for the indebtedness of the partnership incurred before the dissolution, such notes are not obligatory on the other members of the late partnership.  Dissolution puts an end to the power of any of the members of the partnership to execute a note in the partnership name for a partnership debt, so as to bind the other members of the partnership ; and this being true, *a fortiori* cannot the mere declaration of one partner after dissolution about partnership transactions affect others.

The action of the court below in its admission of evidence,

and instructions to the jury for the plaintiffs, proceeded on the idea that, if the notes were given by Chiles in settlement of an indebtedness of D. B. McKee & Co. existing before the dissolution of the partnership, they were the notes of the defendants, and a recovery should be had by the plaintiffs. This is an erroneous view of the law; and we will reverse the judgment, and grant a new trial, and remand the cause.

*Judgment reversed.*