BRANDT MERCANTILE Co. *v.* J. H. LANG, ASSIGNEE.

[56 South. 447.]

1. PROCESS. *Amendments. Bills and notes. Transfer. Indorser. Burden of proof. Code 1906, section 3938.* *Equitable owner. Legal owner.*

Where suit is brought on a chose in action in the name of the equitable owner, under Code 1906, section 3938, so providing the process may be amended by substituting the legal owner as plaintiff to sue for the benefit of the equitable owner.

2. BILLS AND NOTES. *Assignee. Indorsee. Equitable title.*

The delivery by the assignee of the indorsee of a draft to attorney of the creditor of the indorsee for collection, with authority to apply the proceeds, when collected on the claim of the creditor, operates as a transfer by the indorsee to the creditor of the equitable title to the draft, entitling the creditor to sue on it in the name of the assignee.

3. SAME.

> One suing an indorser of a draft has the burden of establishing the indorsers liability.

4. BILLS AND NOTES. *Liability of indorsers. Evidence.*

> Proof that a draft bearing the indorsement of the payee was found among the assets of a bank when an assignee took charge, that the bank had paid or credited the payee with the amount of the draft, that the same person was president of the indorser and of the bank, and that the payee had promised to pay the draft, did not show liability of the payee, which by the indorsement only became secondarily liable; the evidence failing to show that the draft had even been presented to the drawee for payment, or that he had refused payment, or that it had ever been protested.

5. SAME.

> If an indorser of a draft does not owe the draft, a mere promise to pay it creates no liability, there being no consideration for the promise.

APPEAL from the circuit court of Harrison county.

HON. BARNEY E. EATON, Special Judge.

Suit by J. H. Lang, assignee of the Home Bank of Pass Christian for the use of the Metropolitan Bank, against the Brandt Mercantile Company, on a draft drawn on W. A. Henderson by J. L. Henderson in favor of the Brandt Mercantile Company and indorsed by it. From a judgment for plaintiff on appeal from a justice of the peace court, defendant appeals.

In the trial in the circuit court it was shown by the defendant that the summons served on it contained the name of the Metropolitan Bank as plaintiff, instead of J. H. Lang, as assignee. Wherefore the court permitted the plaintiff to amend the summons, "so as to show the correct parties," to which the defendant objected. The plaintiff's testimony showed that the Home Bank was indebted to the Metropolitan Bank, and the latter had sent its claim to attorneys for collection. When the attorneys presented this claim to the assignee, they were advised by him that there was no money on hand with

which to pay the Metropolitan Bank, but that he (the assignee) would turn over to said attorneys a number of claims for collection, the proceeds to be applied towards the payment of the claim of the Metropolitan Bank. Among other claims turned over to said attorneys was the draft indorsed by appellant. Mr. Lang, the assignee, testified that he had found this draft among the assets of the Home Bank, and that, prior to turning it over to these attorneys, he had presented it to Mr. N. E. Bailey, president of the Brandt Mercantile Company, who was also the president of the Home Bank, and that Mr. Bailey had promised to pay it. It was not shown by the evidence that the draft was ever presented to the drawee, or that payment by him had been refused, or that said draft had ever been protested. At the close of the testimony each party made a motion for a peremptory instruction, and the court sustained the motion of the plaintiff, and instructed the jury to return a verdict for the amount sued for.

*J. H. Mize,* for appellant.

We submit that there is no connection whatever between the Metropolitan Bank and the Brandt Mercantile Company or anyone, as the court will see from the record. Here is just simply a draft given to the Brandt Mercantile Company by J. L. Henderson on W. A. Henderson of Montgomery, Alabama, that was found among the effects of the Home Bank of Pass Christian by the assignee after said bank had become defunct. There is no protest, nothing to show that it had ever been presented to W. A. Henderson for payment; nothing to show whether or not it had ever been paid. There is no assignment to the Metropolitan Bank of said draft by anyone. There is no connection shown between John H. Lang and the Metropolitan Bank, so our contention is that there is no case made out against appellant in any way whatever; there is nothing to show why John H.

Lang should sue for the use of the Metropolitan Bank or any other Bank; and nothing to show any liability on the Brandt Mercantile Company to anyone. This draft was found as aforesaid among the effects of a defunct bank, and up pops another bank with no connection whatever with the appellant or the draft and sues appellant.

We think it is manifest that, under the facts of this case, or rather the lack of facts, the giving of a peremptory instruction for the appellee was certainly reversible error, and appellant's motion for a new trial should have been granted.

We submit that this case should be reversed and remanded.

*Hardy & Hardy,* for appellee.

It seems to us that a mere statement of facts, such as is detailed above and taken from the record in the case, is sufficient to show to the court that this appeal is utterly frivolous and without merit.

Section 3938 of the Mississippi Code 1906 under the chapter on Process, is as follows: "If any matter required to be inserted in or endorsed on the process be omitted, such process shall not on that account be void, but it may be set aside as irregular, or amended on such terms as the court shall deem proper; and the amendment may be made upon application to set aside or to quash the writ." Under this section it has been several times held that the process may be amended so as to bring the case at issue fairly to trial. In *Maxie* v. *Strong,* 53 Miss. 280, the declaration and the summons were allowed to be both amended so as to change the initials of the defendant on motion to quash. For that reason, the same was overruled.

In *McCue* v. *Massay,* 90 Miss. 124, 43 So. 2, the court held that it was error not to allow the substitution of the trustee in the place of the beneficiary. In that case

the beneficiary was the plaintiff in the justice court, but on appeal the trustee was desired to be substituted as plaintiff, and the court held that the court erred in not allowing the substitution of an entirely different plaintiff. The reason for this is manfest, as the defendant was there to defend an action, if he had any defense, which involved the same matters whether the beneficiary or the trustee was named as the plaintiff. This seems to be absolutely conclusive of appellant's contention in this court, although in the case now before the court, the plaintiff was properly named in the court below, but in the summons only a part of the title which designated the plaintiff was omitted by the magistrate.

In 1 Ency. of Plead. and Prac., page 661, it is stated: "Where the title of the action is wrong in the process, it may be amended on application to the court." And on page 665 it is stated that "A misdescription of a party, or the character in which he sues, or is sued, may be amended where the real parties remain the same."

It is to be borne in mind that the objection here made is not that defendant was not properly named, but that some of the words describing the plaintiff were omitted in the summons. The defendant appeared in both courts, and certain it is, there could be no substantial merit in his contention that the judgment is void for the reason that the plaintiff was improperly described in the summons.

There is some reference in the counsel's argument to the effect that the draft was not presented for payment. The proof shows that this draft when drawn was presented by Mr. Bailey, president of the Brandt Mercantile Company, to the Home Bank, of which bank he was also president, and that the bank paid him the money on the draft, and that long afterwards when Mr. Lang assumed charge of the affairs of the bank, that this draft was presented to Mr. Bailey for payment and that he promised Mr. Lang that he would pay it. This draft was

presented to the drawee for payment; and if not, in the first place, there is no proof in the record which shows that presentment was not made; and in the second place. even if the burden were on appellee to shows this, still the Brandt Mercantile Company of which Mr. Bailey is president, is not in a position to complain in as much as Bailey was the president of the Home Bank and he is seeking to profit by his own negligence. He was the active president of that bank and he should have seen that this draft was properly presented. And further than this, long afterwards he stated, as the record shows, that he would pay the draft and thus ratified any action of omission on the part of the Home Bank in not presenting said draft for collection, if it was not presented.

We respectfully submit that there is no merit in the contention of appellant. It is perfectly manifest that appellant has no meritorious defense, and it seems equally plain to us that there is not even a technical defense. to this suit, as it conforms in the very nicest degree to all the technical requirements of the law of practice and procedure.

ANDERSON, J., delivered the opinion of the court.

The action of the court below in allowing the summons to be amended is assigned as error. This amendment was authorized by section 3938, Code of 1906, which is as follows: "If any matter required to be inserted in or indorsed on any process be omitted, such process shall not on that account be void, but it may be set aside as irregular, or amended on such terms as the court shall deem proper; and the amendment may be made upon an application to set aside or quash the writ." *Maxey* v. *Strong*, 53 Miss. 280; 1 Ency. Pl. and Pr., 661.

It is argued that no interest in or title to the draft in question was shown to be in the Metropolitan Bank. The delivery of the draft by the Home Bank to the attorneys of the Metropolitan Bank for collection, with au-

thority to apply the proceeds, when collected, to the debt due the Metropolitan Bank by the Home Bank, operated as a transfer by the latter to the former of the equitable title to the draft, entitling it to sue in the name of the holder of the legal title, to wit, J. H. Lang, assignee, etc., for the use of the Metropolitan Bank, which was done.

The burden of establishing appellant's liability on the draft in question was on the appellee. There is an entire absence of evidence in this record showing such liability. It is true that it is shown that the draft was found among the assets of the bank, indorsed by the appellant, when the assignee took charge. Conceding it be true as contended that the Home Bank paid, or credited appellant's account with, the amount of this draft when received by it, it does not necessarily follow that appellant is indebted to the Home Bank for the amount of the draft, for appellant only became secondarily liable by its indorsement. There is no showing whatever that at the time of the suit appellant had become liable on its indorsement.

It is argued that the fact the same person was president of appellant company and also of the Home Bank is a reason for holding the former liable to the latter on this draft. We are unable to see why. They are two separate corporations, their business being distinct and independent. It is also contended that appellant, after the Home Bank went into the hands of the assignee, promised to pay the draft, and this is sufficient to show liability. If appellant did not owe the draft, how could the promise to pay it create liability? There was no consideration for the promise.

It follows, from these views, that the court below erred in directing a verdict for the appellee.

*Reversed and remanded.*