BOSWELL BROS. *v.* LYNCHBURG SHOE CO.

[70 South. 689.]

PARTNERSHIP. *Dissolution. Powers and liabilities of members.*

The power of one partner to bind another by executing a note in the partnership name, for a debt of the firm, is at an end when the partnership is dissolved.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Suit by Lynchburg Shoe Company against J. L. Boswell, and another formerly composing the firm of Boswell Bros. From a judgment on peremptory instruction for plaintiff, defendant, Ira Boswell, appeals.

The facts are fully stated in the opinion of the court.

*John P. Edwards,* for appellant.

"After a dissolution of a partnership, without consent of the other partners, no member has power to execute notes in the firm name. Such notes, though for a firm debt, binds only the member signing it."

*Brown* v. *Broach,* 52 Miss. 536. The evidence above referred to shows the dissolution to have been made on the twelfth day of September, 1911, due notice thereof given to plaintiff below, and that more than a month later these notes were executed by J. L. Boswell, the old member, or member of the old firm, with full knowledge on the part of the plaintiff below.

*A. M. Edwards,* for appellee.

In addition to the general issue, Ira Boswell filed two special pleas denying under oath the liability of this indebtedness, but we find no testimony given by him in this record to substantiate his pleas, in fact he did not testify at all. We find in the case of *Jordan* v. *Faler,* 44 Miss. 283, and again in the case of *Sylverstein* v. *Atkinson, et al,* 45 Miss. 81, that whenever the name of a commercial partnership is upon negotiable paper it devolves upon the member contesting his liabiltiy to show the special facts that exonerate him. So that in the case at bar Ira Boswell is presumptively responsible for the payment of the notes because the firm name, the partnership name is upon negotiable paper and the *onus* is on him to show that he is not liable; this he did not even attempt to do; upon the other hand it is beyond doubt that

he consented to his name being used by the firm at the time the notes were given. Furthermore, from a review of the record in this case we do not believe that appellant could successfully argue here, that they have been aggrieved by the court below having given to the plaintiff a peremptory instruction.

POTTER, J., delivered the opinion of the court.

Appellee, the Lynchburg Shoe Company, filed its suit in the circuit court of Simpson county against J. L. Boswell and Ira Boswell for a balance of six hundred and twenty-one dollars and eighty cents alleged to be due on a series of notes executed in the name of Boswell Bros., formerly a partnership, but since dissolved, composed of J. L. Boswell and Ira Boswell, which notes, according to the allegations of the declaration, were executed in settlement of an open account due by said partnership for a debt contracted before dissolution. J. L. Boswell, as the declaration alleges and the exhibits show, executed the notes sued on in the name of Boswell Bros. The defendants filed a plea of general issue, and Ira Boswell filed two special pleas; both of them denying the execution of the notes, and denying that he was a member of the firm of Boswell Bros. at the time of the execution of the notes, and alleging that at the time of the execution of the notes he had dissolved his partnership with the said Boswell Bros., and denying the authority of J. L. Boswell to execute said notes so as to bind him for the payment of same. At the close of the evidence, the court, on motion of the plaintiff, granted a peremptory instruction for the plaintiff against J. L. Boswell and Ira Boswell for the full sum sued for.

The testimony in the case shows that for several years prior to September 12, 1911, there existed at Pinola, in Simpson county, a partnership composed of J. L. Boswell and Ira Boswell, and known as Boswell Bros., who conducted a mercantile business; that on the 12th day of

September, 1911, this firm dissolved and Ira Boswell moved to Greenwood, Miss., and J. L. Boswell then notified the plaintiff of the dissolution of the firm and the withdrawal of Ira Boswell therefrom in the following letter:

Pinola, Miss., 9, 12, 11.

Lynchburg Shoe Co., Lynchburg, Va.—Gentlemen: Our bank advises that they returned our July note to you, which we paid by check on the Pinola Bank July 29th. Will you please return this note to us? Now the August note is due, and we will take care of it as soon as possible. We have some changes in our business, Mr. Ira Boswell having withdrawn, but we will meet all obligations in a short time.

Yours very truly,                Boswell Bros.

(The notes mentioned in the above letter are not the ones here in controversy.)

On September 15th, in reply to the above letter, the Lynchburg Shoe Company addressed a letter to Boswell Bros., at Pinola, in which they said, among other things:

"We note that Mr. Ira Boswell had withdrawn from your firm. We beg to call your attention to the fact that the withdrawal of Mr. Boswell does not release him from any obligation incurred while a member of the firm. All that you owe us was purchased while Mr. Ira Boswell was a member of the firm; and, of course, we hold him jointly responsible for this indebtedness due us by Boswell Bros."

After the above correspondence, which it will be noted was entirely between defendant Shoe Company and J. L. Boswell, who was then doing business in the name of Boswell Bros., the promissory notes for the alleged debt in question were executed on October 31, 1911, by J. L. Boswell alone, who signed the firm name of Boswell Bros.

This was a suit on the promissory notes executed, as above stated, on the 31st day of October, 1911, by J. L. Boswell, who was at that time conducting a business in

the firm name of Boswell Bros. These notes were given in payment of an indebtness contracted by the firm of Boswell Bros. before it dissolved. There is no evidence that Ira Boswell authorized the execution of the notes; and the only question in the case is whether or not one partner in a firm, after a firm has dissolved, can execute notes binding on another for debts contracted during the existence of the partnership without the authority from the retiring partner to execute same.

We think it well settled in this state that after the dissolution of a partnership, the power of one partner to bind another by executing a note in the partnership name, for a debt of the firm, is at an end. *Maxey* v. *Strong,* 53 Miss. 280; *Brown* v. *Broach,* 52 Miss. 536.

This case is therefore reversed and remanded.

*Reversed and remanded.*