## CITIZENS' NATIONAL BANK v. WISWELL.

No. 11016—Opinion Filed Jan. 30, 1923.

(Syllabus.)

Pleading — Summons — Amendment to Correct Name.

Section 4790, Revised Laws 1910, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." In the present case suit was brought against the Citizens' National Bank. No. 2286, in the district court of Sequoyah county; praecipe for summons, the summons itself, and return of summons left out the word, "National," simply saying, "Citizens' Bank," instead of "Citizens' National Bank"; in all other things, the praecipe, summons and petition were identical as to style and number; service was actually had upon the president of the Citizens' National Bank at his office in said Citizens' National Bank. Held. under section 4790, supra, it was not an abuse of discretion for the trial court to allow amendment of summons by substituting the word, "National," and making it read "Citizens' National Bank," instead of "Citizens' Bank."

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by H. Wiswell against Citizens' Nat. Bank, for recovery of alleged usurious interest. Judgment for plaintiff, and defendant brings error. Affirmed.

T. M. McCombs, for plaintiff in error.

L. C. McNabb, for defendant in error.

HARRISON, J. This appeal involves the validity of the summons and return thereof. The plaintiff in error presents the general question under three propositions as follows:

"First. Whether or not the original summons prior to amendment was valid and good;

"Second. Whether or not the court erred in permitting the plaintiff to amend the return of the officer over the officer's objection, and

"Third. Whether or not the court erred in overruling the defendant's motion to quash the summons as amended."

The style and number of the case is as follows:

"H. Wiswell,          Plaintiff,
  "vs.                No. 2286.
"The Citizens National Bank.
     "Defendant."

The style, number and contents of the praecipe for summons is as follows:

"H. Wiswell,
  "vs.               "In District Court.
"The Citizens' Bank.        No. 2286.

"To the clerk of the district court of—— county. Please issue a summons in the above entitled cause making same returnable on the 2nd day of March, 1917. and

designate therein the 22nd day of March, 1917, as answer day.

"Suit brought for usury charged and collected. Judgment will be taken for $220.00 if the defendant does not appear, and deliver the same to the sheriff of said county.

"Attorney for          L. C. McNabb."

The style, number and contents of the summons and return thereto is as follows:

"Summons.

"State of Oklahoma

"Sequoyah County    In District Court.

"H. Wiswell, Plaintiff.

"vs.                    No. 2286.

"The Citizens Bank, Defendant.

"The State of Oklahoma, to the Sheriff of "Sequoyah County, Greeting:—

"You are hereby commanded to notify the Sitizons Bank that they had been sued by H. Wiswell in the district court of Sequoyah county, Oklahoma, and that they must answer the petition of said H. Wiswell filed against them in said court in the city of Sallisaw, in said county, on or before the 22 day of March, 1917, or said petition will be taken as true and judgment rendered accordingly.

"You will make due return of this summons on the 2nd day of March. A. D. 1917.

"In Witness Whereof, I have hereunto set my hand and affixed the seal of said court at Sallisaw, in said county this 26th day of February, A. D. 1917.

"(Signed) Sam A. Goodman, Court Clerk.

"By R. H. Bibb, Deputy.

"Received this writ Feb. 26, 1917, at 9 o'clock A. M. and served the same upon the following persons, defendants within named, at times following, to wit: L. C. Moore, President Citizens (word National written in by Mr. McNabb) Bank.

"(Signed) C. M. Gay, Sheriff.

"By R. E. Campbell, Deputy.

"Sheriff's Fees

"Service and return, first person    $ .50

"Serving—additional persons           .25
                                    _____
                                      $ .75

"Suit brought for usury charged and collected. If defendant fail to answer, plaintiff will take judgment for the sum of $220.00 with interest thereon at the rate of 6 per cent. per annum from the 26 day of February, 1917, and cost of suit.

"(Signed) Sam A. Goodman, Court Clerk.

"By R. H. Bibb, Deputy.

"I hereby certify the within to be a true copy of the original summons with all the endorsements thereon.

"(Signed) C. M. Gay, Sheriff.

"By R. E. Campbell, Deputy."

The defendant bank made special appearance and filed motion to quash, the style, number and contents of same being as follows:

"State of Oklahoma, In the District Court.

"Sequoyah County.

"H. Wiswell, Plaintiff.

"vs.                    No. 2286.

"Citizens National Bank, Defendant.

"Motion to Quash.

"Comes now the Citizens National Bank by its attorneys, McCombs & McCombs, and appearing especially for the purpose of this motion and for no other, and moves the court to quash, set aside and hold for naught the purported summons herein, for the reason that the same was not issued, served and returned as required by law.

"(Signed)          McCombs & McCombs,

"Attorneys for Defendant."

It appears from the record that the motion to quash was taken up on May 15, 1917, and sustained, and plaintiff given until May 21st in which to amend his summons; not the return of summons, but the summons itself. But it further appears that the summons was never amended, nor alias summons issued, nor anything done toward correcting the summons or return thereon until about a year afterwards, to wit, May, 1918, at which time plaintiff asked and was granted leave to amend his summons. Evidence was introduced which showed that the Citizens' National Bank of Sallisaw had been sued for usurious interest actually paid by plaintiff; that the summons, although styled as above set forth, contained the same number as the petition and was in all things the same style and number as the petition, except that in the summons the defendant was designated as the "Citizens' Bank" instead of "Citizens' National Bank." Both the summons and the return left out the word "National." but proof was made and undenied that service of such summons was made in compliance with section 4790, Rev. Laws 1910, on L. C. Moore, president of the Citizens' National Bank, at his office in said Citizens' National Bank. That the Citizens' National Bank was the defendant, and the president of the Citizens' National Bank was actually served at his office in said bank. This proof is positive and undenied, and upon such proof plaintiff asked and was granted leave to amend his summons.

The question then is, whether under the circumstances the court abused its discretion in allowing the summons amended.

Section 4790, Rev. Laws 1910, confers most liberal discretionary powers upon the

trial court in allowance of amendments. The portion of the section pertinent to the question here is as follows:

The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect. * * *"

The question of allowing amendments as a general rule is limited only by the sound discretion of the trial court. Wait's Practice, vol. 1, page 491, and authorities; Kimball & Austin Mfg. Co. v. Vroman (Mich) 24 Am. Rep. 558, and notes; Great Northern Hotel Co. v. Farrand Co., 90 Ill. App. 419; 20 Enc. Pl. & Pr. 1131, and notes; 21 R. C. L. par. 72; Stuyvesant v. Weil, (N. Y.) 53 L. R. A. 562; notes to sec. 318, Okla. Comp. Stat. 1921.

The foregoing authorities are in line with the central purpose of section 4790, Rev. Laws 1910. Plaintiff in error cites but one case in support of its contention, to wit: Union Pac., & Ry. Co. v. Perkins, a Colorado case, decided by the Civil Court of Appeals of said state, in 1895, 7 C. A. 184, 42 Pac. 1047, but said case and the case at bar are not at all identical.

First. Because in the Colorado case the suit itself was brought against the wrong party and summons issued to and served upon the wrong party. The facts in regard to this feature of the Colorado case were that they were two distinct railroad companies, two different corporations, each operating a line of railroad into Denver, their corporate names being, respectively, the Union Pacific Railway Co. and the Union Pacific, Denver & Gulf Railway Co. The Union Pacific, Denver & Gulf Railway Co. was the company alleged to have committed the wrong against plaintiff, but the other company was sued and served.

Second. The Union Pacific, D. & G. Ry. Co. was held to have waived the defect in the summons by appearance and participation in the trial de novo in the district court, the case having been originally brought in the justice court, afterwards appealed and tried de novo in the district court.

Third. What the court said about amendments in that case was dictum for the reason that the defect in the summons was held by the court to have been waived by general appearance and participation in the trial de novo in the district court.

Hence, in view of the authorities which sustain the trial court in the case at bar, and in view of the fact that no case identical in fact has been cited to the contrary, we are of the opinion that the trial court did not abuse its discretion in allowing the summons to be amended. There being no other question presented, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.