## CHANEY v. NATIONAL BANK OF COMMERCE.

No. 27006.    March 23, 1937.

Charles L. Yancey, G. C. Spillers, Donald

L. Brown, and Kavanaugh Bush, for plaintiff in error.

Everett Petry, for defendant in error.

CORN, J. This is an appeal from an order and judgment of the district court of Tulsa county, allowing the plaintiff below to amend the summons by correcting the name of the plaintiff in said summons, and then overruling a petition of the defendant to vacate the judgment theretofore entered in said cause in favor of the plaintiff. The issue presented is whether the defect in the summons was amendable and whether the trial court abused its discretion in allowing the amendment under the circumstances.

Plaintiff brought this action against Esther R. Chaney and B. E. Chaney, her husband, upon a promissory note and for the foreclosure of a real estate mortgage securing the same. Summons was regularly issued and served upon B. E. Chaney; Esther R. Chaney was not served with the original summons. B. E. Chaney filed an answer and an amended answer. Thereafter an alias summons was issued for Esther R. Chaney. In the alias summons the name of the plaintiff was inadvertently stated as "National Bank of Tulsa, Successor Trustee of the Carl W. Clarke Testamentary Trust." It will be observed that the words "of Commerce" were omitted from the name of the plaintiff. The summons was otherwise regular and regularly served. It showed the proper number of the case and the court in which it was pending, the relief sought and that she was sued by the successor trustee of the Carl W. Clarke testamentary trust.

In due course of procedure the mortgaged premises were sold to satisfy the judgment. After the sale and the confirmation thereof and the issuance of sheriff's deed, Esther R. Chaney filed a petition to vacate the judgment as to her, whereupon the plaintiff asked leave to amend the summons by correcting the name of plaintiff. Leave was granted, and the petition to vacate was overruled. Esther R. Chaney appeals.

Section 251, O. S. 1931, is as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense."

Section 319, C. O. S. 1921 (252, O. S. 1931), is:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The summons is "process or proceeding" as referred to in these statutes. See Stocker v. Dobyns-Lantz Hdwe. Co., 101 Okla. 134, 224 P. 303, in which the name W. C. Thrasher amended to read J. C. Thrasher; Nix v. Gilmer, 5 Okla. 740, 50 P. 131, summons amended to change name of county to which it was directed; Citizens National Bank v. Wiswell, 88 Okla. 194, 212 P. 583, summons amended to change name of Citizens Bank to Citizens National Bank; and Stuyvesant v. Weil (N. Y.) 60 N. E. 738, summons amended ex parte to change name of Emma J. Stockton to Mary J. Stockton.

The statute above quoted provides for the correction of the name of a party. The clear implication is that it means either party or any party. The statutes providing for the service of summons states that it shall notify the defendant "named therein" that he has been sued by plaintiff, "naming him." There is no distinction made in either statute between the plaintiff or defendant as to the necessity of naming him or correcting his name. Section 166, O. S. 1931.

The name of either plaintiff or defendant may be corrected. See Hanlin v. Baxter, 20 Kan. 134, in which the name of the plaintiff was changed by amendment from John B. Baxter to William O. Baxter.

In Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co., 23 Okla. 824, 102 P. 708, the names of the parties in the summons in error were corrected to conform to the petition in error. It approves the case of Gans v. Beasley, 4 N. D. 140, 59 N. W. 714, wherein the court said:

" 'From the instances given, it will be seen that nearly every possible defect in the form of a summons has been made the subject of an amendment, and that the only limit to the power to amend is that discretionary power vested in the court for the protection of the rights of the adverse party'."

In the case of Brandt Mercantile Co. v. Lang (Miss.) 56 So. 447, the action was brought by J. H. Lang, assignee of Home Bank of Pass Christian as trustee for the use and benefit of the Metropolitan Bank. The summons notified the defendant that he had been sued by the Metropolitan Bank. An amendment was allowed to make the name of the plaintiff conform to the petition.

In the case of Wohlfarth v. National Export Ass'n of American Mfgs., 107 N. Y. S. 540, the action was brought by Wohlfarth for the use and benefit of several stockholders of a corporation. The summons notified the defendant that it had been sued by Wohlfarth individually. Held, amendable to conform to the petition. Further, in this connection, see Wight v. Hale (Mass.) 48 Am. Dec. 677; Crafts v. Sikes (Mass.) 64 Am. Dec. 62; and Wilcox v. Hawkins, 10 N. C. 84.

The plaintiff relies upon the case of Hines v. Bacon, 86 Okla. 165, 207 P. 93. That case is not an authority for the proposition involved herein. The action was brought by Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka & Santa Fe Railway Company, a corporation. The summons advised the defendant that he had been sued by Walter D. Haines, Director Gen. of R. R. of U. S., and A., T. & S. F. Ry. Co. The defendant made a timely motion to quash the summons on several grounds, among which was the ground that the name of the plaintiff in the summons was not sufficiently definite to advise him by whom he had been sued. The trial court sustained the motion and was affirmed by the Supreme Court. Commissioner Ray, who wrote the opinion in that case, used language indicating that he thought the summons void. Such language was not necessary to a decision of the point involved. The summons was irregular and it was within the discretion of the court to quash it and order a new summons. That does not mean it was not amendable. If on the hearing of the motion to quash, the plaintiff had advised the court and the defendant that R. R. of U. S. meant railroads of the United States, and that A., T. & S. F. Ry. Co. meant the Atchison, Topeka & Santa Fe Railway Company, a corporation, and had asked leave to amend the summons to so show, no doubt the request would have been granted, in the absence of prejudice to the defendant, and such action would have been affirmed. It was a matter of judicial discretion to be exercised by the trial court after considering whether prejudice had resulted to the defendant by such misnomer.

This distinction was clearly brought out by the decisions of the Supreme Court of Kansas in construing these statutes prior to the time they were adopted from that state by Oklahoma. That court held that

a motion to quash a summons on the ground that it was not signed by the clerk should have been sustained, and reversed an order of the trial court overruling such motion. Lindsay v. Board of Kearny County Commissioners (Kan.) 44 P. 603.

After the decision in the Lindsay Case, supra, another case arose wherein the clerk had failed to sign the summons, and the jurisdiction of the court was challenged under the authority of the Lindsay Case. Leave was asked and granted to amend the summons, which was done by having the clerk sign it. It was held that the summons was properly amendable and that such holding did not conflict with the rule in the Lindsay Case, in which no amendment was made. In Aultman & Taylor Machinery Co. v. Wier (Kan.) 74 P. 227, the court, commenting on the Lindsay Case, said:

"In Lindsay v. Kearny County, 56 Kan. 630, 44 P. 603, it is held that a summons lacking the clerk's signature should be quashed on motion, but in the decision it is noted that the summons was attacked directly, and not collaterally, the question presented being merely whether it was error to overrule the motion; and in Taylor v. Buck, supra, it is said that the question whether such kind of a writ was amendable was not presented in the earlier case, and therefore was not determined. Since in this state the question is an open one, and elsewhere the authorities are divided upon it, we prefer to hold, as conforming to the spirit of the Code and of modern practice, that the summons in this case was not void, but merely irregular. There is nothing in the objection made that affects any substantial right of the parties."

Judgment of the trial court affirmed.

BAYLESS, V. C. J., and RILEY, BUSBY, PHELPS, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH, J., absent.